## William Darst v. Thomas E. Kirk.

### Gen. No. 13,184.

1. JURISDICTION—*when stipulation operates to defeat objection to.* The entry into a stipulation invoking the jurisdiction of the court as a chancery tribunal to determine a controversy, precludes the subsequent urging of an objection to the jurisdiction of the court to hear the cause as one in chancery.

Bill in equity. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 4, 1907.

BENJAMIN LEVERING, for appellant.

JOHAN WAAGE, for appellee; WILLIAM E. HUGHES, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a money decree of the Circuit Court, sitting in chancery, for the sum of $1,200. There is no dispute in the record about the facts. They rest on the testimony of appellee and his witness and solicitor Johan Waage.

The contention, upon which the error is assigned, is that the subject-matter of the controversy is one cognizable at law, of which a court of equity has no jurisdiction.

The parties were originally partners in business. During the existence of that partnership the business was turned over to a corporation formed by them styled the Rex Manufacturing Company, the name in which the partnership had done business. There was no formal dissolution of the partnership in February, 1899, when the corporation was chartered, but the business of the partnership was thereafter conducted by the corporation.

In March, 1904, disputes arose between the corporation and its bondholders, residents of Paducah, Kentucky, the particulars concerning which are not material to the controversy here. An agreement was ultimately reached with a committee representing the Paducah interests, by which appellant was to surrender all his stock in the corporation, nominally of the value of $75,000, and resign as an officer, and appellee was to surrender $50,000 of his $75,000 of stock and remain with the company. For this the committee were to pay appellant $3,000. Darst and Kirk agreed among themselves that of this $3,000, when collected by Darst, Kirk should be paid $1,200. The agreement was consummated by a surrender of the stock and the payment to Darst of the $3,000. Darst failing to pay Kirk the $1,200 on various pretexts, Kirk demanded the money of Darst, who refused to pay, saying he did not owe him anything.

On April 29, 1904, this suit was instituted in form

in *indebitatus assumpsit*. On June 6, 1905, the parties entered into the following stipulation:

"It·is hereby stipulated by and between the parties to the above entitled cause, by and through their respective attorneys, that an order of court may be entered herein changing the form of. action in the above entitled cause from an action ·at law in *assumpsit* and for an accounting to an action in equity for an accounting and for relief, and that an order may be entered directing the clerk to transfer said cause from the law docket to the chancery docket of said court, and for an order permitting the plaintiff and complainant to amend the pleadings, and in lieu of the pleadings heretofore filed to file his amended bill in equity for an accounting and for relief instanter, and that the appearance of the defendant to the action of *assumpsit* shall stand as his appearance to said amended bill in equity for an accounting and for relief, and that said defendant have twenty days in which to demur and plead or answer said amended bill in equity."

In pursuance of this stipulation an order was entered and the bill in the record filed, and the cause transferred to the equity side of the Circuit Court. A general and special demurrer was filed and overruled, whereupon appellant filed his answer.

Under the facts in this record, it is of no importance whether the partnership once existing between the parties still continued, or whether it had been dissolved. The claim is for a definite fixed sum of money —$1,200. It grew out of one transaction—the surrender of corporate stock and the retirement of Darst from his office in the Rex Manufacturing Company— and had no bearing upon any partnership relationship and called for no accounting. When Darst received the $3,000, $1,200 of it was received to and for the use of Kirk. It was a transaction standing entirely aloof from the other dealings of the parties. It was, in fact, the purchase price of the stock holdings of each of the parties. That an action at law

to recover this sum was an appropriate and effectual method to invoke, is too simple a proposition to excite contention. That at the inception of this litigation a court of equity had no jurisdiction to grant relief upon objection is equally plain.

While the Circuit Court has general jurisdiction of equity and common law causes, the distinction in the exercise of that jurisdiction is as arbitrarily preserved under the law of this state as formerly obtained in England, where the common law and chancery courts were limited in their several jurisdictions to the judges presiding over each tribunal. They were separate jurisdictions, and neither forum had concurrent jurisdiction with the other. While the limitations of such distinctions have been enlarged in England, and practically abolished, though theoretically retained, no such modification of jurisdictional distinction has been engrafted into the judicial polity of this state.

Yet stipulations and agreements may operate as a bar to disturb the result of a trial participated in by the objecting party on appeal when such trial was had in faith and reliance by all concerned, including the court, in the verity and good faith of the agreement appearing in the stipulation. Such in effect has been the recognition given by our Supreme Court in like cases.

In City of Chicago v. Drexel, 141 Ill. 89, one Oliver Ditson endeavored to escape the effect of a judgment in ejectment on the ground that he had not been served with process, and did not voluntarily appear, and therefore was not in law a party to that judgment. But the court met this contention by saying: "The conclusive answer is   *   *   *   that prior to the hearing of the present bill a stipulation was entered into between the complainant and defendant, by which various admissions as to the facts at issue were made. *   *   *   A solemn stipulation by a party as to the facts, so long as it stands, is conclusive between them and cannot be met by evidence tending to show that

Darst v. Kirk.

the facts are otherwise.  If a stipulation has been entered into unadvisedly or through misinformation, the party injured should seek, by some direct proceeding, to have it set aside and cancelled, but such party will not be permitted to dispute by evidence a fact solemnly admitted by such stipulation, the stipulation being still in force.  Evidence was offered tending to show that Ditson, in fact, was not served with process and did not appear in the ejectment suit, but in view of the stipulation of the city to the contrary, the court below was justified in disregarding such evidence.''

We think Richards v. L. S. & M. S. Ry., 124 Ill. 516, is an authority which in reasoning sustains the jurisdiction here attacked.  While admitting that consent cannot confer jurisdiction where jurisdiction does not exist, still, whether the court has jurisdiction or not must, in the first instance, be gathered from the averments of the pleading, whether bill or declaration. Here the bill avers an unsettled partnership account —an averment sufficient to invoke the jurisdiction of a court of equity.  But the inflexible rule as to equitable jurisdiction is somewhat limited in its operation to those cases in which the jurisdiction of the common law is exclusive of every other, such as actions for assault and battery or slander.  In such cases the decree would be a nullity.  But as the court said, p. 379, Richards case, *supra,* ''But there is another class of cases involving matters of contract and the like, which, while they do not come within the ordinary jurisdiction of a court of equity, yet, inasmuch as these matters only want some equitable element to bring the cause within such jurisdiction, the defendant by answering to the merits  *  *  *  will not be permitted to afterwards raise the question of jurisdiction.  *  *  *  In both classes of cases there is a want of jurisdiction.  In the first there is a total want of power to hear or determine the case.  In the other, the want of power is not absolute, but qualified.  If the defendant by answer submits himself and cause to

the jurisdiction of the court, the court may act and he will be bound.''·

· We think the stipulation changing the forum from law to equity is binding upon the parties, and that the equity court not being without jurisdiction in the·sense that its decree is a nullity, appellant is estopped from avoiding the decree here on the ground of a want of jurisdiction which he solemnly in form conferred by his own act.

Mertens v. Roche, 39 N. Y. App. Div. 398, is similar in principle to this case. The case was tried as an equity cause in conformity to a stipulation of the parties. It was for money had and received, which the court says is an action having many of the attributes of a suit in equity, and the judgment was sustained.

There is no reversible error in this record, and the decree of the Circuit Court is affirmed.

*Affirmed.*