(No. 22125.—

THE VILLAGE OF WAYNESVILLE *et al.* Appellees, *vs.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1933.*

HERRICK, J., took no part.

HUNTER, KAVANAGH & MCLAUGHLIN, and OSCAR LIND-
STRAND, for appellant.

E. W. MONTGOMERY, EMERSON M. WILLIAMS, and
LOUIS O. WILLIAMS, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The Pennsylvania Railroad Company, appellant, filed a
petition with the Illinois Commerce Commission for leave
to discontinue the operation of passenger trains Nos. 908
and 909 between Peoria, Illinois, and Decatur, Illinois. At
the hearing on the petition the village of Waynesville and
other municipalities and individuals who are appellees in
this court appeared as respondents but introduced no evi-
dence. Upon the hearing before the commission an order
granting the prayer of the petition was entered. A peti-
tion for rehearing was denied, and on September 3, 1932,
appellees filed with the commission a notice of appeal to
the circuit court of DeWitt county. Pursuant to the notice
the commission filed in the circuit court of that county a
certified copy of the order entered by the commission and
a copy of the record of the proceedings. Thereafter appel-
lant, specifically limiting its appearance, filed in the circuit
court a motion to dismiss the appeal. The grounds of the
motion were that the circuit court never acquired jurisdic-
tion of the appeal or of appellant because appellees had failed
to file in the circuit court proof of service of notice of
appeal as required by the statute. The circuit court over-
ruled appellant's motion to dismiss the appeal and entered
an order reversing the order of the commission, with di-
rections to enter an order restoring service of said trains.
From the order of the circuit court this appeal is prosecuted.

The testimony before the commission showed, and the
commission found, that the out-of-pocket loss to appel-
lant from the operation of trains Nos. 908 and 909 be-
tween Peoria and Decatur for the year ending September 30,

1931, was $19,181.38, without making any allowance for interest on fixed charges or equipment, taxes, maintenance of way or general expenses; that the yearly average passengers per day for train No. 908 between Peoria, Illinois, and Terre Haute, Indiana, progressively dropped from sixty-eight in the year 1926 to thirteen on May 31, 1932, and the gross passenger revenue per passenger train mile dropped from forty-nine cents to eleven cents during the same period; that on train No. 909 between Terre Haute and Peoria the average of passengers dropped progressively from sixty passengers a day in 1926 to eleven on May 31, 1932, and the revenue per passenger dropped from forty-four cents to nine cents during the same period, and that of 2129 miles traveled by train No. 909 in May, 1932, between Decatur and Peoria, 499 miles were traveled without a passenger. The commission also found that private automobiles have diverted passenger business from trains Nos. 908 and 909; that there is other train service in some of the municipalities, and that public necessity and convenience do not require the operation of said trains.

It is urged that the court erred in overruling the motion to dismiss the appeal from the order of the commission; that the court erred in reversing the decision of the commission; that the order of the circuit court is in contravention of the due process clause of the State and Federal constitutions; that the circuit court exceeded its jurisdiction in substituting its judgment and opinion for that of the commission, and that the record is devoid of any demand for service of the trains in question.

Section 68 of the Public Utilities act (Smith's Stat. 1933, par. 72, p. 2252,) authorizes appeals from orders of the Commerce Commission. It provides that the party taking the appeal shall file with the secretary of the commission written notice of appeal, and also that "the party serving such notice of appeal shall, within five days after the service of such notice upon the commission, file a copy

of said notice, with proof of service, with the clerk of said court to which such appeal is taken, and thereupon said circuit or superior court shall have jurisdiction over said appeal." It further provides: "When no appeal is taken * * * as herein provided, parties affected by such rule, regulation, order or decision, shall be deemed to have waived the right to have the merits of said controversy reviewed by a court and there shall be no trial on the merits of any controversy in which such rule, regulation, order or decision was made, by any court to which application may be made for a writ to enforce the same, or in any other judicial proceeding."

Appeals from orders of the Commerce Commission are purely statutory. To become legally effective they must be prosecuted in accordance with the requirements of the statute. (*Hill* v. *City of Chicago,* 218 Ill. 178.) Under the Public Utilities act appellees had a right to a review of the decision of the commission by appeal to the circuit court. Their remedy was complete had they seen fit to follow it. (*Chicago North Shore and Milwaukee Railroad Co.* v. *City of Chicago,* 331 Ill. 360.) Where a court is exercising a special jurisdiction the record must show upon its face that the case is one where the court has authority to act. Jurisdiction in such a case is never presumed, and if it does not appear the judgment is void. (*Fico* v. *Industrial Com.* 353 Ill. 74; *Brown* v. *VanKeuren,* 340 id. 118.) By the provisions of section 68 of the Public Utilities act the filing of a copy of the notice of appeal and proof of service with the clerk of the circuit court was a jurisdictional requirement. Without a showing that the statute had been complied with, the circuit court had no jurisdiction to entertain the appeal. It is claimed by appellees that a copy of notice and proof of service were, in fact, filed with the clerk of the circuit court, but none appears in the record and the court did not find that one was filed.

Appellees argue that even if no notice was filed with the clerk of the court, the appearance of appellant was general and therefore waived the jurisdictional question. It is asserted that appellant appeared in the circuit court, argued the merits and filed a brief and argument. What purport to be excerpts from the brief and argument are printed in appellees' brief in this court, but they are not otherwise presented. Whatever the facts may be, there is nothing in the record to establish a general appearance. This court cannot entertain contentions as to matters *dehors* the record. As presented, the record shows that the circuit court was without jurisdiction.

Appellees also insist that the proceeding in the circuit court is not an appeal; that the provisions of the Public Utilities act which provide for an appeal from the Commerce Commission to the circuit court are in violation of the constitution, and that the order of the Commerce Commission is in violation of the constitution and statutes of this State. Appellees attempted to invoke the jurisdiction of the circuit court under the provisions of section 68 providing for appeal. If the contention that those provisions are unconstitutional is well grounded, the circuit court was without jurisdiction to entertain any appeal and its order which appellees seek to uphold is a nullity. In our opinion they are not in a position to question the validity of the statute, and it is unnecessary in this proceeding to consider its constitutionality.

The circuit court was without jurisdiction to entertain the appeal, and it is therefore unnecessary to consider any of the other questions raised. *People* v. *Adams,* 351 Ill. 79.

The order of the circuit court is reversed and the cause is remanded to that court, with directions to dismiss the attempted appeal from the Commerce Commission.

*Reversed and remanded, with directions.*

Mr. Justice Herrick took no part in this decision.