HOWARD HULL, Plaintiff-Appellee, *v.* THE CITY OF GRIGGSVILLE, Defendant-Appellant.

(No. 12681;

Fourth District—June 19, 1975.

Elizabeth Takahashi and A. W. Schimmel, Sr., both of Pittsfield, for appellant.

No appearance for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On December 10, 1971, the basement of the plaintiff Howard Hull's house and certain of its contents were damaged by water and sewage as the result of a broken tile in the sewer system of the defendant City of Griggsville. The plaintiff failed to notify the City of this damage, although by statute he was required to give notice to the City within 6 months after his cause of action had accrued (Ill. Rev. Stat. 1971, ch. 85, § 8—102). On December 8, 1972, the plaintiff filed his original complaint against the City based upon a *res ipsa loquitur* theory. On March 8, 1973, the plaintiff filed an amended complaint based upon the same theory. A jury trial was held, the jury returned a verdict in favor of the plaintiff and against the City in the amount of $2700, and judgment was entered accordingly. After its post-trial motion was denied, the City filed notice of appeal from the judgment, filed its brief and abstract, and requested oral argument (which request was later withdrawn). However, the plaintiff-appellee did not file an appearance in this court.

Failure of the appellee to appear has denied us the benefit of the appellee's guidance on the issues in this case. Although we have frequently entered pro forma reversals when appellees have failed to appear in this court and when the records have revealed that no injustice would be done by such dispositions, we decline to use this discretionary authority in the present case. Our examination of the record here has disclosed circumstances which warrant our concurrence with the result in the trial court.

■■ The City has raised as one assignment of error the claim that the plaintiff failed to prove his damages. Although the City did object at trial to certain of the evidence offered by the plaintiff concerning damages, the City's post-trial motion was silent with regard to the subject of damages. The City has, therefore, waived this issue. *Norton v. Cook*, 14 Ill.App.2d 390, 144 N.E.2d 847.

■■ The City has claimed that the plaintiff's suit should have been dismissed because the plaintiff failed to file the notice required by statute (Ill. Rev. Stat. 1971, ch. 85, §§ 8—102 and 8—103). Although the older cases held that the giving of notice was mandatory and that failure to give such notice constituted an absolute bar to suit under the statute,

the trend of the recent cases has been to carve inroads into the absolute nature of this requirement. Substantial compliance with the requirements of the notice provision has been held sufficient (*Reynolds v. City of Tuscola*, 48 Ill.2d 339, 270 N.E.2d 415; *Saragusa v. City of Chicago*, 18 Ill.App.3d 945, 310 N.E.2d 849; and *Meisenheimer v. City of Chester*, 15 Ill.App.3d 1088, 305 N.E.2d 322). The giving of notice is waived entirely when a municipality has obtained liability insurance (*Fanio v. John W. Breslin Co.*, 51 Ill.2d 366, 282 N.E.2d 443; and *Housewright v. City of LaHarpe*, 51 Ill.2d 357, 282 N.E.2d 437), and when a municipality files a counterclaim based upon the same occurrence that led to the original action (*Helle v. Brush*, 53 Ill.2d 405, 242 N.E.2d 372). As the court noted in *Helle*, the notice requirement is not a condition precedent to the right to bring suit, but rather it is a limitation provision which can be waived.

The City did move to dismiss the plaintiff's original complaint for failure to allege the giving of such notice, and the trial court granted the motion but allowed the plaintiff leave to amend the complaint by February 9, 1973. When the plaintiff failed to amend by that deadline, the City moved to dismiss for failure to amend by the deadline. This motion was denied. The City did not renew its motion to dismiss for failure to allege the giving of notice after the plaintiff filed his amended complaint on March 8, 1973, although the amended complaint did not allege the giving of notice. Furthermore, the City did not raise this point in its post-trial motion. The City has also waived this issue.

■■ The City's notice of appeal seeks a judgment in its favor or, in the alternative, a new trial. The City argues that the plaintiff failed to prove his lack of contributory negligence and failed to prove the City's negligence. At the conclusion of the plaintiff's case, the City moved for a directed verdict, and this motion was denied. The City then presented its evidence, but the City did not make a second motion for a directed verdict at the close of all of the evidence. Furthermore, in its post-trial motion, the City did not request a judgment *n.o.v.* but merely requested a new trial. The City has waived any objection to the denial of its motion for a directed verdict (*Kars v. Knauf*, 13 Ill.App.2d 219, 141 N.E.2d 410), and the only question remaining is whether a new trial should be ordered.

■■ The verdict of the jury will not be disturbed upon appellate review and a new trial ordered unless the verdict is against the manifest weight of the evidence (*Gatto v. Curtis*, 6 Ill.App.3d 714, 286 N.E.2d 541). The plaintiff's evidence established that the plaintiff's property was damaged because a break had occurred in a portion of the sewer system operated by the City of Griggsville, causing water and sewage

to back up into the basement of the plaintiff's house. The plaintiff's evidence also established that the portion of the sewer connection under the control of the plaintiff was in proper condition and not a contributor to the backup problem. There was a dispute as to whether the plaintiff had been contributorily negligent in failing to install a backup water plug in his basement and in failing to notify the City that a large hole in the ground had developed above the City's sewer line (at the place which was later determined to be the location of the break). Resolution of this issue was for the jury. The jury's conclusion that the City had been negligent and that the plaintiff was free from contributory negligence was not against the manifest weight of the evidence.

■■ When an event occurs which would not ordinarily have occurred in the absence of someone's negligence, when the event has been caused by an instrumentality within the exclusive control of the defendant, and when the plaintiff has not contributed to the occurrence of the event, the doctrine of *res ipsa loquitur* is applicable (*Drewick v. Interstate Terminals, Inc.*, 42 Ill.2d 345, 247 N.E.2d 877). Just as the doctrine of *res ipsa loquitur* has been applied to the case of a break in a gas line (*Metz v. Central Illinois Electric & Gas Co.*, 32 Ill.2d 446, 207 N.E.2d 305), so too should the doctrine be applied in the present case. As the court pointed out in *Metz*:

> "* * * a gas main is buried beyond the reach and interference of the general public, and the probability is therefore great that breaks therein are occasioned by defects in the pipes themselves or by improper utilization thereof, such as excessive gas line pressure, both of which are subject to the complete control of the utility. In the ordinary course of things gas explosions will not occur. When one does occur, an inference of fault is justifiable. Even though the gas company may in a particular instance be blameless, yet we believe that in view of its superior knowledge of the facts at hand and its responsibility to the community, it has the duty to come forward and make explanation. This is no more than the doctrine of *res ipsa loquitur* requires." (32 Ill.2d 446, 451.)

In the present case, the sewer system controlled by the City malfunctioned, it damaged the plaintiff's property, and the plaintiff did not contribute to the happening of this damage. Such an event does not ordinarily occur. The jury was entitled to draw an inference of negligence on the part of the City.

Consequently, the judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.