PRIVATE TELE-COMMUNICATIONS, INC., *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS BELL TELEPHONE COMPANY *et al.*, Defendants-Appellants.

(No. 62021; )

First District (5th Division)—August 22, 1975.

James R. Bryant, Jr., L. Bow Pritchett, Thomas E. Chilcott, and Thomas J. Berry, Jr., all of Chicago, for appellants.

Charles J. O'Connor and John W. Costello, both of Arvey, Hodes, Costello & Burman, of Chicago, and Edwin B. Spievack, of Washington, D.C., for appellees.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Defendants bring this appeal from an order of the circuit court on June 5, 1975, suspending a tariff filed by Illinois Bell Telephone Company before the Illinois Commerce Commission.

On appeal, defendants raise three issues for this court's consideration under the caption in the brief "Issues Presented for Review": (1) whether the trial court had jurisdiction to review the interim order of the Commerce Commission at this stage; (2) whether the Illinois Commerce

Commission properly acted within its discretion in lifting the tariff suspension and allowing Bell to market its product before the Commission established a final price. The third issue was presented for review by the defendants under the caption of "Points and Authorities" as follows: (3) if the interim order of the Commission was improper, the trial court should have dismissed the case as moot before the tariff became effective because the tariff became effective May 20, 1975.

Because the defendant raised the issue of mootness, the plaintiff responded to that issue by its brief and in addition plaintiffs raise one further issue for this court's consideration: whether the due process clauses of the Federal and State Constitutions required the Illinois Commerce Commission to give notice and an opportunity to be heard before entering the interim order of February 26, 1975, after a complaint had been filed by the plaintiff in attacking the proposed tariff.

On December 20, 1974, Illinois Bell Telephone Company (hereinafter Bell) filed tariff sheets with the Illinois Commerce Commission (hereinafter Commission) in order to market a new switchboard, the Dimension System service, at a specified price. On January 16, 1975, the Commission issued an order suspending the Dimension System service tariff sheets through May 20, 1975, and ordered that a hearing be held. Also occurring on January 16, 1975, Private Tele-Communications, Inc., (hereinafter PRI-TEC), an Illinois corporation engaged in the sale and leasing of various types of telephone systems and service, filed with the Commission a "Petition to Suspend Proposed Tariff and Complaint as to Proposed Tariff." There is no contention that the suspension order was the result of plaintiff's petition.

On January 27, 1975, Bell petitioned the Commission to lift its January 16 suspension order. On February 26, 1975, the Commission issued an "Interim Order" which vacated the January 16 suspension order and therefore permitted Bell to market the Dimension System service; required Bell to advise its customers that the Dimension System tariff was experimental and that the price could be raised or lowered by the Commission after the conclusion of hearings; allowed PRI-TEC to intervene and offer evidence in the Commission's tariff proceeding; and ordered expedited hearings.

On March 5, 1975, PRI-TEC filed before the Commission a petition for Rehearing on the "Interim Order." Also on March 5, 1975, PRI-TEC and North American Telephone Association filed a complaint in the circuit court of Cook County labelled "Complaint for Reversal of Order of the Illinois Commerce Commission entered February 26, 1975 and for Other Relief." On March 7, 1975, defendants filed a motion to dismiss the

complaint for lack of jurisdiction. On March 19, 1975, the Commission denied PRI-TEC'S petition for rehearing.

On March 28, 1975, PRI-TEC filed a Notice of Appeal with the Commission, and on April 1, 1975, filed its Notice of Appeal in the circuit court of Cook County under the same case number as the one filed on March 5. The appeals are from the order of February 26 and the denial of a rehearing on March 19. On June 5, 1975, the circuit court entered an order providing that the original tariff filed by Bell be suspended until a hearing is conducted by the Commission.

OPINION

On appeal, defendants contend that the circuit court lacked jurisdiction to review the Commission's order which permitted Bell to market the Dimension System service. We agree with defendants.

■■ Appeals from orders of the Commerce Commission are purely statutory, and to become legally effective they must be prosecuted in accordance with the requirements of the statute. (*Alton R.R. Co. v. Commerce Com.*, 407 Ill. 202; *Village of Waynesville v. Pennsylvania R.R. Co.*, 354 Ill. 318.) Resolution of this jurisdictional question is therefore dependent upon application of sections 67 and 68 of the Public Utilities Act, which provide in relevant part:

§ 68. Within 30 days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, or within 30 days after the service of any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission, any person or corporation affected by such rule, regulation, order or decision, may appeal to the circuit court of the county in which the subject-matter of the hearing is situated, or if the subject-matter of the hearing is situated in more than one county, then of any one of such counties, for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined. * * *" [1]

"§ 67. Within 30 days after the service of any rule or regulation, order or decision of the Commission any party to the action or proceeding may apply for a rehearing in respect to any matter determined in said action or proceeding and specified in the application for rehearing. The Commission shall receive and consider such application and shall grant or deny such application in whole

---

[1] Ill. Rev. Stat. 1973, ch. 111⅔, par. 72.

or in part within 20 days from the date of the receipt thereof by the Commission. In case the application for rehearing is granted in whole or in part the Commission shall proceed as promptly as possible to consider such rehearing as allowed. *No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and finally disposed of by the Commission * * *."* (Emphasis added.)[2]

It is uncontroverted that on March 5, 1975 PRI-TEC simultaneously filed a Petition for Rehearing before the Commission of the February 26 order and a complaint in the circuit court for judicial review and reversal of that same order. The Commission did not deny PRI-TEC's Petition for Rehearing until March 19, 1975.

██ Applying sections 67 and 68 of the Public Utilities Act to the facts at bar, we conclude that PRI-TEC'S complaint for judicial review was prematurely taken and that the circuit court erred in failing to grant defendant's motions to dismiss for lack of jurisdiction. In *Alton R.R. Co. v. Commerce Com.*, 407 Ill. 202, 207, our supreme court stated:

"* * * the statutory requirement that a petition for rehearing be filed to an order of the commission precludes an appeal from the order until a rehearing is sought and acted upon, such rehearing being a step in the proceedings for review of the commission's rulings. [Citation.]"

Section 67 provides in clear, unequivocal language that no appeal shall be allowed until a petition for rehearing shall first have been "filed with and finally disposed of by the Commission." The fact that the Commission did rule upon and deny plaintiff's request for a rehearing prior to the circuit court's order of June 5, 1975, cannot be construed to confer jurisdiction subsequent to the filing of the complaint. Whether or not the court has jurisdiction must in the first instance be gathered from the averments of the pleading. *Darst v. Kirk*, 132 Ill.App. 203.

Any conclusion by this court other than a finding that the circuit court lacked jurisdiction could only serve to negate the intention of the legislature that created the Illinois Commerce Commission and frustrate the operation and effectiveness of that Commission. In *Colton v. Commonwealth Edison Co.*, 349 Ill.App. 490, 497, 111 N.E.2d 363, the court noted:

"* * * administrative agencies are created by the legislature to perform specific functions, and in order to afford an agency adequate opportunity to discharge its responsibilities, courts refuse to entertain complaints involving the subject matter of the duties

---

[2] Ill. Rev. Stat. 1973, ch. 111⅔, par. 71.

of the agency until the complainant has exhausted all remedies before the agency. [Citations.]"

We hold that the circuit court should have dismissed the complaint on its own motion or on the motion of defendant since plaintiffs' complaint in the circuit court was filed on the same day (March 5, 1975) as its petition for a rehearing was filed in the Illinois Commerce Commission. Obviously, the circuit court lacked jurisdiction until the Commerce Commission ruled on the petition for rehearing. Denial of the petition by the Illinois Commerce Commission on March 19, 1975 did not confer jurisdiction retroactively to March 5, 1975. Hence, we hold the order of the circuit court of June 5, 1975 based on the complaint filed March 5 to be a nullity. See *Bank of Lyons v. County of Cook*, 13 Ill.2d 493, 150 N.E.2d 97.

We are aware of the appeals from the Commission's order of February 26 and from the denial on March 19 of the petition for rehearing. We find no explanation or reason for the filing of these appeals under the same case number that the original complaint was assigned. The prayer for a restraining order was requested in the original complaint and therefore we can only determine that the order of June 5 based on the complaint of March 5 was a nullity.

The appeals from the Commission's orders are therefore still pending and are not before us for consideration.

Because of our finding that the circuit court lacked jurisdiction to entertain plaintiffs' complaint of March 5, we deem it unnecessary to consider or rule on the issue of mootness as of May 20, 1975, the expiration date of the original suspension order by the Illinois Commerce Commission and on the issue of violation of due process as raised by the plaintiffs.

We note that the June 5, 1975, order appealed from to this court bears case number 75 L 3383, whereas the June 5, 1975, order is in case number 75 L 4068.

For the reasons stated above, we reverse the judgment of the circuit court and remand the cause to the circuit court with directions to correct the case number on the June 5, 1975, order and to vacate the order of June 5, 1975, and to dismiss the complaint of March 5, 1975.

Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.