PRAIRIE VISTA, INC., Plaintiff-Appellant, *v.* CENTRAL ILLINOIS LIGHT COMPANY, Defendant-Appellee.

Fourth District   No. 13248

---

Opinion filed April 15, 1976.

Hayes & Flynn, of Bloomington (George R. Flynn, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (James R. Sullivan, Assistant Attorney General, of counsel), for Illinois Commerce Commission.

H. R. Begley, of Defrees & Fiske, of Chicago, and Ensel, Jones, Blanchard & LaBarre, of Springfield, for appellee Central Illinois Light Company.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff Prairie Vista, Inc., in 1973, brought a complaint against the defendant Central Illinois Light Company before the Illinois Commerce Commission, alleging a breach by defendant of a certain agreement between the plaintiff and the defendant. The prayer for relief was denied February 6, 1974, and plaintiff petitioned for rehearing. By letter dated March 15, 1974, the Illinois Commerce Commission notified plaintiff that the petition for rehearing had been denied on March 13, 1974.

On April 12, 1974, plaintiff filed in the circuit court of Sangamon County a pleading captioned "Complaint" against Central Illinois Light Company. The complaint asked the circuit court to reverse the Illinois Commerce Commission order. However, the complaint did not name the Illinois Commerce Commission as a party. On April 16, 1974, plaintiff

filed a notice of appeal with both the circuit court and the Illinois Commerce Commission. The cause was ultimately dismissed by the trial court on defendant's motion for failure to perfect an appeal in conformance with section 68 of the Illinois Commerce Commission Act. (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72.) It is the appeal from that order which now concerns this court.

■■ Section 68 of the Act sets forth the requirements for appealing orders of the Commerce Commission:

"Within 30 days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, or within 30 days after the service of any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission, any person or corporation affected by such rule, regulation, order or decision, may appeal to the circuit court * * *. * * * The party taking such an appeal shall file with the secretary of the Commission written notice of said appeal. * * * No circuit court shall permit a party affected by any rule, regulation, order or decision of the Commission to intervene or become a party plaintiff or appellant in such court who has not taken an appeal from such rule, regulation, order or decision in the manner as herein provided." (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72.)

The "Complaint" filed by plaintiff in circuit court did not meet the statutory requirement for a notice of appeal. When a notice of appeal was filed, it was outside the statutory period of 30 days, computed from the date of mailing of notice that the plaintiff's petition for rehearing had been denied. These defects were successfully argued by the defendant in circuit court. We must agree. The notice requirements for appeals from commerce commission orders have traditionally been strictly construed. *Ellis v. Illinois Commerce Com.*, 44 Ill. 2d 438, 255 N.E.2d 417; *Village of Waynesville v. Pennsylvania R.R. Co.*, 354 Ill. 318, 188 N.E. 482.

In this case, the action of the Commission was on March 13, 1974. The letter notice of such action was dated March 15, 1974. Section 66 of the Act provides for service either by personal delivery or by "mailing in the United States mail" and that "mailing * * * shall constitute service * * *." Thus, we feel compelled to hold that the 30 days for perfecting an appeal must be computed from the date of mailing. Furthermore, compliance with the statutory provisions for appeal are not mere technical requirements but are jurisdictional.

■■ Plaintiff contends that it was not properly served with notice of the Commission's order denying the petition for rehearing. Section 66 of the Illinois Commerce Commission Act (Ill. Rev. Stat. 1973, ch. 111 2/3,

par. 70) provides that orders of the Commission shall be served upon the persons affected by either personal delivery or mailing "of a certified copy thereof." While it is true that the letter informing plaintiff its motion for rehearing had been denied was not certified, we believe the latter constituted substantial compliance with the requirements of section 66. Because the order involved was merely a denial of the petition for rehearing rather than a substantive order, it is reflected in the Commission records as a docket entry. That is, there was actually no written order of the Commission. Moreover, it is not contended that plaintiff lacked actual notice of the denial of its petition for rehearing. Recent court cases in other matters have held that statutes imposing certain technical requirements for notice may not be strictly enforced if the parties seeking enforcement had actual notice and cannot show prejudice as a result of the opposing party's failure to comply with technical requirements. (*Reynolds v. City of Tuscola*, 48 Ill. 2d 339, 270 N.E.2d 415; *Saragusa v. City of Chicago*, 18 Ill. App. 3d 945, 310 N.E.2d 849; *Hull v. City of Griggsville*, 29 Ill. App. 3d 253, 330 N.E.2d 293.) It is obvious from the facts of the instant case that plaintiff sustained no prejudice by the lack of certification on the notice of denial of its petition.

Because the plaintiff neglected to meet the requirements for perfecting an appeal from the Commerce Commission's order within the statutory time allotted, we affirm the trial court's decision dismissing this cause.

Affirmed.

SIMKINS and GREEN, JJ., concur.