RICHARD L. HOFFMAN, Complainant-Appellant, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.

First District (3rd Division)   No. 77-1120

Opinion filed June 28, 1978.

SIMON, J., dissenting.

Richard L. Hoffman, of Evanston, for appellant, *pro se.*

L. Bow Pritchett and Thomas J. Berry, Jr., both of Chicago, for appellee Illinois Bell Telephone Company.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Mary C. Ubatuba, and Douglas Karp, Assistant Attorneys General, of counsel), for appellee Illinois Commerce Commission.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appealed to the circuit court of Cook County from the denial of his application for rehearing by the Illinois Commerce Commission (hereinafter "ICC"). Plaintiff's complaint before the ICC charged that defendant Illinois Bell Telephone Company improperly was computing an additional charge under the Wilmette Municipal Utility Tax. The trial court granted Illinois Bell's motion to dismiss on the ground that plaintiff had failed to perfect the appeal in the manner required by section 68 of the Public Utilities Act. Section 68 provides in pertinent part:

> "Within 30 days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, * * * any person or corporation affected by such rule, regulation, order or decision, may appeal to the circuit court of the county in which the subject-matter of the hearing is situated * * * for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined. * * * The party taking such an appeal shall file with the secretary of the Commission written notice of said appeal. The Commission, upon the filing of such notice of appeal, shall, within 5 days thereafter, file with the clerk of the circuit court to which such appeal is taken a certified copy of the order appealed from and within 20 days thereafter the party appealing shall furnish to the Commission either a copy of the transcript of the evidence, including exhibits, or enter into a stipulation that only certain questions are involved * * *. * * * The party serving such notice of appeal shall, within 5 days after the service of such notice upon the Commission, file a copy of said notice, with proof of service, with the clerk of said court to which such appeal is taken, and thereupon said circuit court shall have jurisdiction over said appeal and the same shall be entered upon the records of said circuit court and shall be tried therein without

formal pleadings, but otherwise according to the rules governing over civil cases, so far as the same are applicable." Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72.

On August 11, 1976, the ICC entered its order finding for Illinois Bell. Plaintiff filed an application for rehearing on September 13, 1976, and on September 29 the ICC denied the application. On October 1, 1976, the ICC issued a certificate of commission action. Plaintiff filed a notice of appeal with the ICC on November 1, 1976. On November 3 plaintiff filed his notice of appeal in the circuit court.

In support of the trial court's action in granting the motion to dismiss, Illinois Bell urges that plaintiff failed to comply with the requirements of section 68 in that he had not filed his notice of appeal with either the ICC or the circuit court within 30 days after the service of the ICC's certificate of commission action. Illinois Bell also maintains that the ICC was a necessary party to the appeal to the circuit court and that plaintiff's failure to name that agency as a party defendant mandated the circuit court's dismissal of the matter. (Pursuant to the request by the ICC, it has been permitted, through the Attorney General, to file a brief in this court.)

Since it is dispositive of this appeal, we shall consider only the argument that plaintiff's notice of appeal was not timely filed in the circuit court. We initially note that the notice requirement for appeals from ICC orders traditionally have been strictly construed. (*Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72; *Private Tele-Communications, Inc. v. Illinois Bell Telephone Co.* (1975), 31 Ill. App. 3d 887, 335 N.E.2d 110.) If a plaintiff fails to meet the requirements for perfection of an appeal as set out in section 68, the circuit court is without jurisdiction to entertain the appeal. *Village of Waynesville v. Pennsylvania R.R. Co.* (1933), 354 Ill. 318, 188 N.E. 482.

Plaintiff maintains that the circuit court imposed unwarranted restrictions on plaintiff's ability to appeal to that court. Under the statutory construction urged by plaintiff, the only action which need be taken within the 30-day period immediately following the issuance of a certificate of commission action is the filing of an appeal notice with the ICC. Thereafter, a plaintiff has five additional days to file a copy of the notice, along with proof of service, in the circuit court even if such filing falls outside the 30-day limitation contained in the first sentence of section 68. Thus, according to plaintiff, a party may file a notice of appeal with the ICC on the 30th day, file a copy and proof of service in the circuit court on the 35th day, and still be within the statutory time allowance.

Illinois Bell and ICC maintain that under section 68 two steps must be taken within 30 days after the ICC's action in order to perfect an appeal. Under their interpretation, a plaintiff must file a notice of appeal with both the ICC and the circuit court within the 30-day period and the two

filings may not be more than five days apart. They state that the five-day period does not operate to extend the time period for filing in the circuit court, but rather was inserted to establish an orderly procedure for filing the necessary documents in that court. The requirement that the filings be not more than five days apart prevents a party from filing a notice of appeal with the ICC on the fifth day and delaying the filing in the circuit court until the 30th day, long after the ICC would have been required to file a certified copy of the order being appealed. The five-day limitation thus serves to avoid the situation of having an ICC order filed in the circuit court without any notice of appeal from that order filed until weeks later.

We find Illinois Bell's and ICC's construction of section 68 to be persuasive. The first sentence of the section provides that a party, within 30 days after the service of the ICC order, "may appeal to the circuit court." It is clear, then, that any steps must be taken by the affected party within that 30-day period. Moreover, this construction of the five-day limitation period would result in plaintiff's copy of the notice of appeal and a certified copy of the appealed order being filed in the circuit court at approximately the same time, that is, within five days after service of the notice of appeal upon the ICC. This procedure assures orderly practice in the circuit court. Since plaintiff failed to file in the circuit court within the 30-day period, the trial court properly granted Illinois Bell's motion to dismiss.

In view of our holding, it is unnecessary to consider the other arguments advanced in support of the trial court's action.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY, J., concurs.

Mr. JUSTICE SIMON, dissenting:

The backdrop of this appeal is that the Illinois Commerce Commission (ICC) order which appellant seeks to overturn was not entered until more than 9 years after the appellant filed his complaint before the ICC. In view of the time it took the ICC to reach a decision in this matter, its insistence upon interpreting section 68 of the Public Utilities Act to require the appellant to complete all procedures required for this appeal and provided for by that ambiguous statute within a maximum period of 30 days, instead of 35 days, is incongruous.

Under the majority's interpretation of the statute, service of the notice

of appeal on the ICC is permitted as late as the 30th day, as long as a copy of the notice is filed with the court clerk on the same day. Thus, section 68 does not require that the ICC receive notice of the appeal any earlier than it did here. Contrary to the majority's reading of the statute, however, the proper construction of section 68 reveals that the legislature intended that the ICC and the appellant each have 5 days after service of notice of appeal on the ICC to file their respective documents in circuit court—for the ICC to file a certified copy of its order, and for the appellant to file a copy of the notice of appeal. This intent is defeated by the majority's interpretation, which can operate to reduce the 5-day period for the appellant to less than 5 days. For instance, if the notice of appeal were served upon the ICC between the 25th and 30th day, the appellant would have less than 5 days to file a copy in the circuit court, even though the ICC would still have 5 days to file a certified copy of its order. In addition, the majority's reading of the statute would increase the likelihood that the appellant's filing in the circuit court would precede that of the ICC—the very result which the majority is attempting to prevent.

An analysis of the structure of section 68 supports the appellant's position. The opening sentence of the statute provides that, within 30 days after service of the ICC order, a party "may appeal to the circuit court." The next reference to what is required of the appellant comes in the fourth sentence of the section, which directs that the party taking the appeal file written notice of the appeal with the ICC. The following two sentences describe procedures which must be complied with by both the ICC and the appellant within a specified time after service of notice of appeal on the ICC. These sentences also require the ICC to provide a certified copy of its order for the circuit court files within 5 days after the appellant serves notice of the appeal on the ICC. Then, in the seventh sentence, the requirement appears that the appellant file with the court clerk a copy of the notice of appeal served upon the ICC. Had the legislature intended that both service of the notice on the ICC and filing of the copy in the circuit court occur within the 30-day period, these requirements would have been set forth in the same sentence, or at least in successive sentences, instead of being separated by sentences describing other procedures the ICC and appellant must complete after service of the notice of appeal, but not necessarily within the 30-day period. Moreover, that the fourth sentence uses the language, "The party taking such appeal," while the seventh sentence uses the language, "the party serving such notice of appeal," strongly indicates that the appeal is "taken" when the notice of appeal is served on the ICC.

Further, the eighth sentence of the statute provides that no circuit court shall permit anyone to appeal any ICC decision unless he does so in

the manner prescribed by section 68. Thus, the purpose of requiring the appellant to file a copy of the notice given the ICC with the court clerk appears to be advisory—that is, to inform the circuit court that the notice of appeal has properly been served upon the ICC. It is the equivalent of filing a proof of service. It can make no difference to the circuit court whether it receives the information on the 35th day or before that time. Whether the appellant is given a maximum of 30 days to notify the ICC and file a copy of the notice to the ICC in the circuit court, or 30 days in which to notify the ICC and an additional 5 days for filing the copy in the circuit court, both the certified copy filed by the ICC and the copy of notice filed by the appellant will reach the circuit court within not more than 5 days of each other. I am aware of no procedure in a circuit court clerk's office which will operate more expeditiously or efficiently, nor will the practice in the circuit court be more orderly, if the copy of the notice served on the ICC is filed with the court clerk within a maximum of 30 days, instead of within a maximum of 35 days.

The majority relies on the axiom that notice requirements for appeals from ICC orders traditionally have been strictly construed. However, the only notice which the statute provides for is the written notice of appeal to be served on the ICC. The filing which the statute provides for in the circuit court is merely the perfunctory act of filing a copy of the notice served on the ICC. Thus, even if we construe the notice requirements of the statute strictly, as the majority urges, we still would be compelled to hold that the only notice required was timely because it was served within the 30-day time period set forth in section 68.

The majority's interpretation forecloses appeals on a wholly technical ground, without serving the interests of justice. And I particularly question the wisdom of that interpretation in this case, which involves the protection of consumer interests and could preclude a large number of Wilmette telephone subscribers from contesting alleged improper charges for their telephone service.