THE CITY OF PEORIA, Plaintiff-Appellant, *v.* THE ILLINOIS COMMERCE COMMISSION, Defendant-Appellee.

Third District   No. 81—539

Opinion filed August 17, 1982.

HEIPLE, J., specially concurring.
BARRY, P. J., dissenting.

David L. Thomas and James A. Murphy, both of Peoria, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (E. King Poor, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County dismissing the appeal of the City of Peoria from an order of

the Illinois Commerce Commission. The judgment of the trial court held the notice of appeal was untimely filed.

In its motion to dismiss the appeal the Commission argued that the provisions of section 68 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 72) governing review were not followed in two respects. First, notice of the appeal which was given to the Commission, although mailed within 30 days of the Commission order, was not received by the Commission until after 30 days of such order and second, the notice of appeal filed in the circuit court was not filed within 30 days from the order and in fact filed with the court on the 34th day after such order.

On December 27, 1979, the Illinois Commerce Commission issued its General Order 207 dealing with emergency telephone number 911. The City of Peoria petitioned for rehearing or reconsideration, which petition was granted. Notice and a copy of the "ORDER ON RECON-SIDERATION" was mailed to the attorneys for the City of Peoria on July 23, 1980.

On August 22, 1980, "NOTICE OF APPEAL" together with proof of service was deposited in the United States mail with postage prepaid and addressed to the secretary of the Illinois Commerce Commission. Said notice was file stamped by the Illinois Commerce Commission August 25, 1980. A copy of the notice of appeal and proof of service were filed with the circuit clerk by the City of Peoria on August 26, 1980.

The procedures for reviewing a decision of the Illinois Commerce Commission are found in section 68 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 72). Such section provides initially that within 30 days any person or corporation affected by a rule or order of the Commission may appeal to the circuit court of the county in which the subject matter of the order is located. Further, the section provides the party seeking review shall serve a notice of appeal on the Commission and, finally, the party seeking review shall file a copy of the notice of appeal together with proof of service on the Commission in the circuit court within five days from service of notice on the Commission.

The issues as disclosed by the motion to dismiss the appeal and presented on this appeal are based on the Commission's allegation the City neither served a notice of the appeal on the Commission within 30 days of the decision nor filed a notice of appeal in the circuit court within 30 days from the decision. The factual basis underlying the dispute is uncontradicted. With respect to the first, the City mailed the notice of appeal to the secretary of the Commission on the 30th day

following the decision, but the notice was not received by the Commission until more than 30 days had elapsed from the date of the decision. With respect to the second reason from dismissing the appeal in the trial court, the notice of appeal was not filed in the trial court until the 34th day following the decision although this filing date was within five days from the date the notice of appeal was mailed to the Commission. In dismissing the appeal the court did not specify its reasons for its judgment, and the parties have considered the trial court found in favor of the Commission on both contentions.

Since the briefs were filed in this case but before oral argument, the case of *Department of Conservation v. Baltimore & Ohio R.R. Co.* (1982), 103 Ill. App. 3d 417, 431 N.E.2d 441, was decided. In the *Baltimore & Ohio* case the court held notices required to be given under the Public Utilities Act could be given by mail and would be deemed to have been given on the date they were deposited in the mail. In the *Baltimore & Ohio* case notices of appeal were mailed both to the Commission and to the circuit court within 30 days of the Commission's decision. However, the notice was received by the Commission on the 30th day and by the court on the 31st day after the decision. Since the notice of appeal was mailed to the circuit court within the appropriate time it was deemed filed on the date of mailing and declared to have been filed within the 30-day period. On the authority of the *Baltimore & Ohio* case and the Commission's own rules we believe that in the instant case the notice of appeal mailed to the Commission on the 30th day following the decision should be considered as having been filed with the Commission on that date even though received several days later. In fact the Commission offers little reason for not following its own rules and the *Baltimore & Ohio* decision so far as the mailing of notice to it is concerned.

Proceeding to consider then the question of whether filing of the notice of appeal with the circuit court on the 34th day following the decision is in accord with the statute we are presented with a different question. The notice which was filed with the circuit court was actually filed on the 34th day following the decision and was not mailed earlier. Thus it does not come within the terms of the *Baltimore & Ohio* case since no mailing was involved and no date of filing other than the actual date of delivery to the clerk's office is of any concern.

However, in *Hoffman v. Illinois Commerce Com.* (1978), 62 Ill. App. 3d 85, 379 N.E.2d 42, the precise issue was raised and determined adversely to the position of the appellant City in the instant case. In *Hoffman* the court held the provision regarding filing notice of appeal with the circuit court within five days from service of notice

of appeal on the Commission did not extend the 30-day period for perfecting the appeal to the circuit court. The City in the instant case has directed our attention to the dissenting opinion in *Hoffman* but we are persuaded to follow and do hereby adhere to the opinion of the majority in *Hoffman*.

■ Finally, in summary, although we believe the City did properly notify the Commission by mail, we hold it failed to properly perfect its appeal by filing its notice of appeal with the clerk of the circuit court within 30 days as required by statute.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

JUSTICE HEIPLE, specially concurring:

In this case, the City of Peoria wanted to appeal an order of the Illinois Commerce Commission to the Peoria Circuit Court. To accomplish this appeal, the City mailed a notice of appeal to the Commission on the 30th day. This notice was received by the Commission three days later. On the 34th day from the entry of the order, a copy of the notice of appeal was filed with the Peoria circuit clerk. The majority opinion concludes that the appeal was not perfected in a timely manner.

The City argues that the statute which requires the filing of the notice with the circuit clerk within five days of the filing of the notice with the Commission extends the ultimate filing time from 30 to 35 days. I agree with the majority that the 30-day period is not thereby extended.

I further concur with the result reached which affirms the trial court's dismissal of the appeal. Because of language in the majority opinion, however, and because of its reliance on the cases of *Department of Conservation v. Baltimore & Ohio R.R. Co.* and *Hoffman v. Illinois Commerce Com.*, I believe that clarification is needed regarding the jurisdictional issue of perfecting an appeal. An analysis of the majority opinion along with the cases cited would cause one to believe that the mailing of a notice of appeal to the court within the 30-day period is sufficient without regard to when that notice of appeal actually reaches the office of the clerk of the court. I believe that to be an erroneous proposition of law.

The statute provides that a party may appeal to the circuit court within 30 days. The appeal is not perfected by mailing unless the mailed item arrives at the circuit clerk's office within the 30-day per-

iod. There is no statutory language that would authorize a mail notice in lieu of an actual filing. Rules of the Illinois Commerce Commission which authorize service of papers by mail cannot confer jurisdiction on the court. In the case at hand, the majority opinion would approve of a mailing to the court within 30 days and without regard to when that notice is actually received by the court. To that extent, I disagree with my colleagues. Since the majority opinion finds that the appeal was not perfected, however, I concur with the result reached.

PRESIDING JUSTICE BARRY, dissenting:

I cannot agree that the City of Peoria failed to perfect its appeal in a timely manner, and I must therefore, respectfully dissent.

An appeal from a decision of the Illinois Commerce Commission to the circuit court begins by filing a notice of appeal *with* the Commission in the same way that an appeal from a judgment of the circuit court to the appellate court begins by filing a notice of appeal with the clerk of the circuit court. (Compare Ill. Rev. Stat. 1979, ch. 111²/₃, par. 72, with 73 Ill. 2d R. 303(a).) Both statutes allow 30 days for the notice of appeal to be filed, and under both provisions, the Illinois appellate courts have held that the mailing of a notice of appeal within the 30-day period is sufficient to perfect the appeal, regardless of the date the notice is received. (*Holesinger v. Dubuque Feeder Pig Co.* (1982), 104 Ill. App. 3d 39, 42, 432 N.E.2d 645, 649 (section 1.25 of the construction-of-statutes act (Ill. Rev. Stat. 1979, ch. 1, par. 1026) "evince[s] a general policy to equate filing with mailing"); *Department of Conservation v. Baltimore & Ohio R.R. Co.* (1982), 103 Ill. App. 3d 417, 431 N.E.2d 441.) So, Justice Stouder correctly holds that the notice of appeal is considered to have been filed with the Commission within the required 30 days since it was mailed to the Commission with 30 days. See, *e.g., Alton v. Byerly Aviation, Inc.* (1977), 68 Ill. 2d 19, 368 N.E.2d 922 (relying on section 1.25 of the construction-of-statutes act, court held that evidence of mailing notice to Industrial Commission within statutory period was sufficient to comply with filing requirement of section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)).

Section 68 of the Public Utilities Act contains an additional requirement that the party seeking review must, within five days of serving notice upon the Commission, file a copy of the notice of appeal with the clerk of the court to which the appeal is taken, and the Commission must, within five days of the filing of the notice, file with the clerk of the circuit court a copy of the order appealed from. Such appeals are to be tried "according to the rules governing other civil

cases, so far as the same are applicable."

Under Supreme Court Rule 303 governing civil appeals, within five days after the filing of the notice of appeal, the circuit clerk must transmit a copy of the notice to the reviewing court, and within 14 days after filing the notice of appeal, the appellant must file a docketing statement in the reviewing court. (73 Ill. 2d R. 303(a), (g).) These provisions are similar to the five-day provisions of section 68 of the Public Utilities Act. The purpose of the requirement that a copy of the notice of appeal be filed in the appellate court has been said to be, in part, "to afford the appellate courts greater authority to supervise the progress of an appeal ***." (Ill. Ann. Stat., ch. 110A, par. 303, Historical and Practice Notes, at 323 (Smith-Hurd Supp. 1981).) It is well established the only action required to give the appellate court jurisdiction of an appeal is the timely filing of the notice of appeal in the circuit court. (*Theobault-Olson Co. v. Petta* (1972), 6 Ill. App. 3d 537, 286 N.E.2d 163.) Thus, the filing of a copy in the appellate court is not a prerequisite to the appellate court's acquisition of jurisdiction. Similarly, there is no logical reason to hold that the filing of a certified copy of the notice of appeal with the circuit clerk is an essential element of appellate jurisdiction in an appeal from the Commission. The purpose of the requirement is merely to apprise the circuit court that an appeal from the Commission has been commenced. Applying the rules governing civil appeals, I would hold that the circuit court acquired jurisdiction of the City's appeal as soon as the notice of appeal was timely filed.

In any event, there is no reason for this court to shorten the 30-day period for filing the notice of appeal by reading into section 68 a requirement that the copy of the notice must be filed with the circuit clerk within the 30-day period. The statute plainly says that the copy must be filed within five days *after* the notice of appeal is filed. (See *Department of Conservation v. Baltimore & Ohio R.R. Co.* (1982), 103 Ill. App. 3d 417, 422, 431 N.E.2d 441, 445; *Hoffman v. Illinois Commerce Com.* (1978), 62 Ill. App. 3d 85, 88, 379 N.E.2d 42, 44 (dissent).) I believe this language should be interpreted to mean what it says instead of what it does not say. Thus, I would hold that the City had five additional days to file the copy, and that the appeal should not have been dismissed.