(No. 57333.—

THE CITY OF PEORIA, Appellant, v. THE ILLINOIS
COMMERCE COMMISSION, Appellee.

*Opinion filed June 9, 1983.*

David L. Thomas and James A. Murphy, of Peoria, for appellant.

Tyrone C. Fahner and Neil F. Hartigan, Attorneys General, of Springfield (Hercules F. Bolos, Special Assistant Attorney General, and E. King Poor, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

Plaintiff, the city of Peoria, sought to appeal to the circuit court of Peoria County from an adverse ruling of the Illinois Commerce Commission. It mailed its notice of appeal to the Commission on the 30th day after the order was served on the city, and the Commission received the notice three days later. On the 34th day following the Commission's order the city filed a copy of the notice of appeal

and proof of service with the clerk of the Peoria County circuit court.

The Commission moved to dismiss the appeal, asserting that the city failed to either serve the notice of appeal on the Commission or file a copy with the court clerk within the time required by section 68 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 72), which establishes the procedure for challenging orders of the Commission, and therefore, the Commission contends, the circuit court lacked jurisdiction. The circuit court of Peoria County allowed the motion to dismiss, and the appellate court, with one judge dissenting, affirmed the dismissal (108 Ill. App. 3d 540).

Two questions are presented: First, must the notice of appeal reach the Commission on or prior to the 30th day after the service of the order appealed from so that notice mailed on or before the 30th day which reaches the Commission after the 30th day is untimely? The Commission answers yes; the city argues no. Second, in the event the notice of appeal is served on the Commission on the 26th day or later, does the party appealing have five additional days in which to file a copy of the notice of appeal with the court clerk or must this filing be accomplished not later than the 30th day after the service of the Commission's order on the party seeking to appeal? The Commission says the filing with the circuit court clerk as well as the service on the Commission must be accomplished by the 30th day; the city contends it has five days after service on the Commission to file a copy of the notice served on the Commission. In addition to the appellate court opinion in this case, the appellate court has considered the first question in *Department of Conservation v. Baltimore & Ohio R.R. Co.* (1982), 103 Ill. App. 3d 417, and the second question in *Hoffman v. Illinois Commerce Com.* (1978), 62 Ill. App. 3d 85. We believe the city's position is the correct one on both questions, and consequently the circuit court should have

proceeded to consider the city's objections to the Commission's ruling.

DID MAILING THE NOTICE OF
APPEAL CONSTITUTE SERVICE
ON THE COMMISSION?

The Commission's Rule IX(d), which was adopted pursuant to authority conferred on the Commission by section 8 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 8), provides:

> "Service shall be made by delivering in person or by depositing in the United States mail, properly addressed with postage prepaid, one copy to each party entitled thereto."

The city was entitled to rely upon the Commission's own rule in effecting service by mail, and the Commission was bound by its rule. Under that rule service was complete when the notice of appeal was deposited in the United States mail on the 30th day, "properly addressed with postage prepaid," even though the Commission did not actually receive the notice until some days later.

The Commission argues that, notwithstanding its own rule, mailing of a notice of appeal to the Commission does not constitute service because the question of notice relates to the jurisdiction of the court to hear the case. Section 68 does not state that receipt of the notice of appeal by the Commission within 30 days is a jurisdictional requirement. The observation of the appellate court in *Illinois Telephone Association v. Illinois Commerce Com.* (1978), 57 Ill. App. 3d 968, 971, is an appropriate and succinct answer to the Commission's argument:

> "We see no reason why any step in the perfection of an appeal from an order or decision, rule or determination, by the Commission should have to be pursued with more exactitude than an appeal from an order of the circuit court. The appeal is initiated by the timely filing of the notice of appeal. We find no logical or statutory reason

why any other step should be determined to be jurisdictional."

In any event, no provision of either section 68 of the Public Utilities Act or the Commission's Rule IX(d) indicates that different conditions apply to service of the notice document. Rule IX(d) does not require that a notice of appeal or any other document must be received by the Commission before the service is complete; nor does section 68 provide anything to the contrary.

Another rule of the Commission (Rule XXVI) provides that its rules shall not be construed to abrogate or limit any rights or privileges granted by the laws of this State. One such privilege is contained in section 1.25 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1026), which provides:

> "Unless An Act otherwise specifically provides, any writing of any kind or description required or authorized to be filed with, and any payment of any kind or description required or authorized to be paid to, the State or any political subdivision thereof, by the laws of this State:
>
> (1) if transmitted through the United States mail, shall be deemed filed with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it."

Neither the Public Utilities Act nor the Commission's rules provide anything to the contrary. We note, in this regard, that the holding of *Summers v. Illinois Commerce Com.* (1978), 58 Ill. App. 3d 933, a case cited by the Commission, was that the 30-day period for appeals *begins* on the day of mailing of notice of the Commission's decision rather than on the day such notice is received. It would be anomalous to hold that the 30-day limitation for filing an appeal cannot be successfully complied with in similar fashion.

Finally, the unfairness and impracticality of the Commission's position have a significant bearing on the resolu-

tion of this issue. A party or counsel located in Chicago or Springfield would be able conveniently to deliver their notices to the Commission on the 30th day, thus having the advantage of the full 30-day period to prepare their notices. On the other hand, with the uncertainty of the delivery of the United States mails, a party or its counsel located, for example, in Golconda, Illinois, would either have to deposit his notice in the mail several days prior to the 30th day to be sure that it reached the Commission by the 30th day or send a courier to Springfield or Chicago to file it on the 30th day. Choice of the former manner of service deprives such a party of the full 30 days to prepare his notice. The latter course puts a party to expense and inconvenience that there is no reason to impose upon it. We do not believe it was the intention of the legislature to place a party in Golconda in such a disadvantageous position as compared with parties in Chicago and Springfield.

Our conclusion is that the mailing of the notice of appeal was timely and constituted proper service.

### DOES SECTION 68 REQUIRE FILING OF A COPY OF THE NOTICE OF APPEAL WITH THE CIRCUIT COURT CLERK NOT LATER THAN THE 30TH DAY?

We view the statutory plan provided by section 68 as follows: The notice of appeal is to be served on the Commission within 30 days, as we have decided took place here. Following that, both the Commission and the objecting party have five days in which to file the documents required of them with the clerk of the circuit court to which the appeal is being taken. The party taking the appeal is required to file a copy of the notice served on the Commission together with proof of service, while the Commission must file a certified copy of the order appealed from. We do not perceive any advantage to the circuit court, the Commission or the party taking the appeal in requiring that both the service of the notice on the Commission and the filing of a copy of the notice and proof of service with

the clerk of the court take place within a maximum of 30 days, as the Commission argues section 68 requires. Part of the process of the appeal is the filing by the Commission of a certified copy of its order. When the notice is served on the Commission, it then has five days to file a certified copy of its order, and this is the case regardless of the day the service on the Commission takes place.

Thus, if, for example, the notice of appeal is served on the 15th day, the party serving the notice and the Commission both have five days thereafter to accomplish their filings with the circuit court clerk, and the filings will arrive at the clerk's office within a few days of each other. In fact, the Commission argues in its brief that "the five day period is established to ensure that the certified Commission order and the notice of appeal arrive at the circuit court at approximately the same time," so as to minimize confusion and enable the court to establish files expeditiously.

This result is achieved when the statute is construed to give both the party taking the appeal and the Commission five days after the service of the notice to do what is required of them. It is not achieved when, as in this case, timely notice of appeal is served on the Commission on the 30th day, and the city must then file a copy of the notice with the court on the same day, while the Commission has five additional days to file a copy of its order, the procedure the Commission urges section 68 mandates.

Section 68 clearly states in the seventh sentence that "[t]he party serving such notice of appeal shall, within 5 days *after* the service of such notice upon the Commission, file a copy of said notice *** with the clerk of said court to which such appeal is taken ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 111⅔, par. 72.) We see no reason to revise the statute by shortening or eliminating completely the five-day period provided by the legislature depending on which day during the statutorily created 30-day period

for filing the notice of appeal the notice is actually served on the Commission. (See *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399.) We hold that the city of Peoria has complied fully with the requirements of section 68. We therefore reverse the judgments of the appellate and circuit courts and remand this cause to the circuit court for further proceedings.

*Reversed and remanded.*