(No. 33816.—

PAULINE PROHM, Appellant, *vs.* NON-HIGH SCHOOL DISTRICT No. 216 *et al.*, Appellees.

*Opinion filed December 22, 1955.*

ABRAHAM REDMAN, of Chicago, for appellant.

JOHN GUTKNECHT, State's Attorney, of Chicago, (GOR-

DON B. NASH, CHARLES D. SNEWIND, and EDWARD E. PLUSDRAK, of counsel,) for appellee Edward J. Barrett, County Clerk of Cook County; LOUIS ANCEL, HOWARD B. BRYANT, and JACK M. SIEGEL, all of Chicago, for appellees Non-High School District No. 216 *et al.*

Mr. JUSTICE DAVIS delivered the opinion of the court:

Plaintiff, a resident and landowner of Stickney Township, Cook County, brought a class action in the circuit court of Cook County to enjoin the county clerk of said county from extending the tax levy provided for in the refunding bond resolution in question; to enjoin the board of education of Non-High School District No. 216, Cook County, Illinois, from taking any step or steps in the execution of said bond resolution, or issuing refunding bonds thereunder; to declare unconstitutional and invalid H.B. 212, adopted April 19, 1955, (Ill. Rev. Stat. 1955, chap. 122, pars. 11-13.1 and 11-13.2) and to declare void the refunding bond resolution of said Non-High School District and the refunding bonds sought to be issued thereunder.

The issues in the case were joined by the complaint, answers, and reply. The parties stipulated that the cause be submitted to the court for decision on the material facts set forth and admitted in the pleadings. On July 18, 1955, the court entered an order referring the cause to Albert E. Jenner, Jr., as special commissioner, for report of his conclusions of fact and law. The commissioner filed a detailed report, with findings of fact and conclusions of law, and recommended that the complaint be dismissed for want of equity. The plaintiff filed objections to the report of the commissioner, which were overruled. The objections were allowed to stand before the court as exceptions, and the court, after hearing, entered a decree overruling the exceptions, approving the report of the commissioner and dismissing the complaint for want of equity.

The plaintiff appealed from the decree, contending that the court erred in: (1) dismissing the complaint for want of equity; (2) not declaring that section 11-13.1 of the School Code is unconstitutional and void and contravenes section 9 of article IX of the Illinois constitution in that it (a) attempts to permit the levy of a tax against property in detached territory by corporate authorities of another district; (b) attempts to permit the levy of a tax for a noncorporate purpose; (c) attempts to permit the levy of a tax against property and citizens located outside the boundaries and jurisdiction of the corporate authorities levying the tax, which citizens have no voice and are without the power to participate in the affairs of the district (3) not declaring that the resolution of the board of education of Non-High School District No. 216, providing for the refunding of bonds and levying a tax, is unconstitutional and void as to property and persons in detached territory including that of plaintiff, the resolution being based on said section 11-13.1; (4) not enjoining the county clerk from extending the tax levy provided for in said resolution; (5) not enjoining the board of education from taking any steps in connection with the refunding operation under said resolution.

The constitutionality of section 11-13.1 of the School Code was the primary inquiry in the trial court and the cause was determined on that issue. A debatable constitutional question was raised, and therefore we assume jurisdiction. *Richter* v. *City of Mt. Carroll,* 398 Ill. 473; *Jenisek* v. *Riggs,* 381 Ill. 290.

The facts in this case are not in dispute. The land owned by the plaintiff, being the territory in which she resides, was detached from Non-High School District No. 216, on September 2, 1954, and since said date has remained outside the boundaries of that district.

At the time of the detachment, the territory within the boundaries of said Non-High School District, including

the said property of the plaintiff, was subject to taxation to pay the principal due upon certain outstanding legal bonds, both funding and refunding, of said district in the aggregate sum of $2,448,000, and interest thereon.

The district had, as necessity required, validly issued funding bonds, some of which had been refunded, and the above balance of principal was due on said bonds on the date the territory, in which plaintiff's realty was located, was detached. Tax levies were being made for the payment of principal and interest on each of the bond issues by the county clerk of Cook County, pursuant to the terms and provisions of the certified copies of bond resolutions of said district, on file in his office.

On April 26, 1955, the board of education of Non-High School District No. 216 refunded these outstanding bonds by the adoption of a refunding bond and tax levy resolution which provided for the issuance of $2,448,000 refunding bonds and the levy of taxes to pay principal and interest thereon. Section 3 of that resolution provided in part: "That in order to provide for the collection of a direct annual tax sufficient to pay the interest on such [refunding] bonds as it falls due and also to pay and discharge the principal thereof at maturity, there be and there is hereby levied upon all the taxable property included within said non-high school district [No. 216 of Cook County, Illinois] as of the date of the bonds refunded by the issuance of Refunding Bonds authorized by this resolution, in each year while any of said Refunding Bonds are outstanding, a direct annual tax sufficient for that purpose, * * *." A certified copy of this resolution was properly filed with the county clerk of Cook County by the board of education of said Non-High School District, and the county clerk pursuant to the provisions of section 11-13.1 of the School Code, proposed to extend against the property of the plaintiff the taxes levied by said resolution.

It is agreed by the parties to this litigation that all

proceedings and steps provided and required by statute to effect the issuance of these refunding bonds and to perfect said tax levy have been duly taken.

The refunding bond resolution refunds bonds in the sum of $2,448,000 and provides for the same rate of interest on the same principal amount of each of the respective issues refunded. There is no increase in the interest rate by virtue of the refunding. The only changes are that the maturities are made more even. The ultimate maturity of all of said refunding bonds does not extend beyond the approximate date of the latest maturity of the bonds refunded and the tax levies to pay the refunding bonds are spread evenly over the same number of years.

Since 1945, the legislature of the State of Illinois has adopted a series of acts to bring about the gradual elimination of non-high school districts and to otherwise provide for a more efficient system of schools. (*People ex rel. High School Dist.* v. *Hupe,* 2 Ill. 2d 434.) As a result of this legislative program, there has been a gradual reduction in the size of the respective non-high school districts throughout the State and this was particularly true of Non-High School District No. 216, as is evidenced by a reduction in the assessed valuation of such property from $164,764,000 in 1946 to $12,674,533 in 1954.

Pursuant to the provisions of an act of June 27, 1951, (Ill. Rev. Stat. 1951, chap. 122, par. 11-18.1,) as amended by the acts of 1953, (Ill. Rev. Stat. 1953, chap. 122, pars. 11-18.1 and 11-18.2,) most remaining non-high school districts are to be eliminated by July 1, 1956, and under the provisions of said act as amended in 1955 such date was extended to July 1, 1958, for counties having a population of 500,000 or more.

On April 19, 1955, the legislature adopted H.B. 212 (Ill. Rev. Stat. 1955, chap. 122, pars. 11-13.1 and 11-13.2,) which provides as follows:

"11-13.1. The County Clerk shall extend taxes to pay

principal and interest of any outstanding bonds of a non-high school district issued to fund and pay unpaid tuition claims or judgments obtained by any school district against a non-high school district on unpaid tuition claims, as provided by each bond resolution on file in his office, against all the taxable property included within the said non-high school district as of the date of the said bonds, and the County Clerk shall extend taxes to pay principal and interest of any outstanding refunding bonds, as provided by each bond resolution on file in his office, against all of the taxable property included within said non-high school district as of the date of the bonds which were refunded thereby, and the County Clerk shall extend taxes for the payment of principal and interest of any refunding bonds hereafter issued, according to each such bond resolution on file in his office, against all the taxable property included within any non-high school district as of the date of the bonds of said District refunded thereby."

Sections 11-13.1 and 11-13.2 were enacted to avoid the imposition of the total burden of indebtedness of a non-high school district, as existing prior to disconnection, solely on the portions of the area of the district remaining after disconnection.

Other provisions of the School Code, as amended, which are generally pertinent to this case are sections 11-1, 11-3, 11-12, 11-13, 19-10, 19-11, 19-17, and 19-19.

The provisions of the School Code, as amended, which treat of the continuing liability of a detached portion of a non-high school district for the outstanding indebtedness of the district at the date of the detachment, are as follows:

Section 4B-12 provides in part: "When the territory of any non-high school district shall be annexed * * * to any district having a bonded indebtedness, such non-high school territory shall remain liable for its bonded indebtedness * * *." This provision was added in 1953 (Ill. Rev. Stat. 1955, chap. 122, par. 4B-12,) and is imple-

mented by section 19-9 of the School Code which was approved July 13, 1953.

Section 11-19 treats of indebtedness "other than bonded indebtedness." It provides that if the non-high school district has outstanding nonbonded debts, then "the territory constituting the district at the time the indebtedness is incurred shall remain liable for the indebtedness even though the district * * * is detached from * * * such district." This section was originally enacted in 1937, at which time it encompassed any indebtedness, bonded or nonbonded. (Ill. Rev. Stat. 1937, chap. 122, par. 102e.) An amendment in 1953 (Ill. Rev. Stat. 1953, par. 11-19,) restricted its operation to cases of nonbonded indebtedness, as it now reads.

The legislature, by its enactment of 1939, adding section 94f to the School Law (Ill. Rev. Stat. 1941, chap. 122, par. 102f,) provided that if a non-high school district had incurred indebtedness and subsequently a part of the district was detached, and thereafter the district issued bonds to fund the indebtedness, and levied a tax against the property in the district to pay the bonds, then in that event "it shall be the duty of the Board of Education of such non-high school district to recoup from the territory so detached a proportionate amount of the obligations funded." Section 94f provided that any such proceeding to recoup must be initiated prior to July 1, 1941. The third paragraph of section 94f was declared unconstitutional in 1945 in *People ex rel. Bergan v. New York Central Railroad Co.* 390 Ill. 30.

In this proceeding, the plaintiff has asked this court to declare unconstitutional the provisions of section 11-13.1, and contends that such statute contravenes section 9 of article IX of the Illinois constitution which provides as follows: "The general assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all

other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same."

The plaintiff relies principally on the *Bergan case* as *authority* for the invalidity of said section 11-13.1 In that case, on March 15, 1941, certain territory was detached from the Non-High School District of Kankakee County, including land of the defendant railroad. On March 31, 1941, the board of education of said district adopted a resolution to issue bonds to fund unpaid tuition claims incurred between 1936 and 1940, during which period the detached territory was a part of the non-high school district. On April 12, 1941, the proposition was submitted to the voters of the non-high school district as it was then constituted, and the voters in the detached territory were not allowed to and did not participate in this election. The proposition to issue bonds was approved by a majority of those voting and the board of education levied a tax to pay the bonds. This tax was levied on the property in the detached territory as well as on that in the remaining territory of the district. The county clerk extended the tax against the detached territory and subsequently sought judgment against defendant for nonpayment of the tax. The defendant filed objections alleging, among other things, that the statute under which the clerk purported to act, (section 94f of the School Law,) was void because it violated section 9 of article IX of the Illinois constitution. The trial court entered judgment against the railroad, an appeal was taken to this court, and we held section 94f invalid. In the case at bar, the plaintiff has raised the same constitutional objections to the validity of said section 11-13.1 which were pointed out by this court in *Bergan case*.

The plaintiff first contends that section 11-13.1 violates

section 9 of article IX of the constitution because it purports to authorize the levy of a tax on territory detached from a non-high school district after the effective date of the detachment. Under the pleadings in this case, it is admitted that the territory in which the plaintiff resides was detached from Non-High School District No. 216 on September 2, 1954; that the resolution providing for the issuance of refunding bonds and the levy of a tax for the payment of principal and interest thereon was adopted by the board of education of said non-high school district on April 26, 1955; and that by said resolution, said board of education purported to levy a tax upon the plaintiff's property which was detached on September 2, 1954. In so doing, the board of education acted under the authority granted by section 11-13.1 in the adoption of said refunding bond resolution.

Certain other decisions of this court lend support to plaintiff's contention. In *People ex rel. Shrout* v. *Long,* 328 Ill. 297, at page 305 this court stated: "The law is well settled in this State that the powers of a school district to levy taxes are limited to the property within the boundaries of the district at the time of the levy, and any attempt to levy a tax on property in territory detached from such district is illegal." In support of said proposition, we cited *School Directors* v. *School Directors,* 135 Ill. 464. The same rule of law was acknowledged recently in *People ex rel. Bailey* v. *Illinois Central Railroad Co.* 407 Ill. 426; and in *Spence* v. *Selcke,* 404 Ill. 98. The problem before this court is the application of the rule of law to the facts of the case.

The defendants contend that the refunding bond resolution merely authorizes the issuance of refunding bonds and tax levies to pay the same in such a manner as to prevent future defaults in existing bonds and spreads the burden over the years more evenly; and that there is no

change in the indebtedness, but merely a revision of the maturities and method of payment of the already existing bonded indebtedness.

The general statement that all post-detachment tax levies are unlawful is both inaccurate and misleading. Section 9 of article IX of the constitution does not extinguish the existing bonded indebtedness of the territory wherein plaintiff resides upon the detachment of said territory from Non-High School District No. 216; nor does it prevent the levy of taxes by the county clerk of Cook County, as provided for in the bond resolutions duly filed in said office, even though such levies are made for the payment of principal and interest on said bonds, due after the effective date of the detachment. In *Mann* v. *Board of Education*, 406 Ill. 224, a tax was levied to pay principal and interest on bonds issued to discharge a funded indebtedness at a time when, although all the property to be taxed was within Non-High School District No. 216, it was contemplated that the district itself would be eliminated long before all taxes were levied and collected. In deciding that case we held the tax levy to be valid and that the *Bergan case* was not controlling because there "the board of education attempted to levy the tax against property which was not within its limits in the year in which the tax was levied."

In the *Bergan case*, the detached territory was, under existing statutes, still liable to tax levy after detachment for the unfunded debt at the rate of one per cent upon the assessed property valuation. (Ill. Rev. Stat. 1941, chap. 122, par. 102.) By issuing bonds to fund this debt, subsequent to the detachment and without authorization of the voters of the detached territory, the non-high school district attempted to add to its power to tax the property of the detached area, so that it was without limit as to rate and amount. (See Ill. Rev. Stat. 1941, chap. 122, par. 102f.) Such procedure would create in the detached terri-

tory, after the date of detachment, an obligation to which the detached territory was not subject at the time of detachment. We held this to be violative of section 9 of article IX of the constitution. Cf. *People* v. *Kelly,* 357 Ill. 408.

In *People ex rel. Bailey* v. *Illinois Central Railroad Co.* 407 Ill. 426, we placed certain limitations on the *Bergan case* decision. The *Bailey case* involved the levy of a tax after detachment to discharge a nonbonded debt incurred before detachment. No objection was made by the defendant to the levy on constitutional grounds and, in pointing out that fact, we stated (p. 435): "Our decision in the *Bergan case* is limited to the proposition that the section of the former School Law, purporting to authorize a nonhigh school district to issue bonds against detached territory for the payment of the indebtedness incurred prior to detachment, (Ill. Rev. Stat. 1943, chap. 122, par. 102f,) contravenes section 9 of article IX of our constitution." We there referred to the original issue of the bonds by which the detached territory would first become liable to pay taxes for the debt at an unlimited rate and amount. The *Bergan case* does not apply where the statute (section 11-13.1 of the School Code) does not attempt to create a new obligation after detachment. The issuance of refunding bonds does not create new or additional bonded indebtedness, but merely evidences existing bonded debts. *Kocsis* v. *Chicago Park District,* 362 Ill. 24; *People* v. *Kelly,* 357 Ill. 408.

The case of *Richter* v. *City of Mt.Carroll,* 398 Ill. 473, transferred, 334 Ill. App. 625, abst., involving the taxation of disconnected land under the Revised Cities and Villages Act (Ill. Rev. Stat. 1953, chap. 24, par. 7-43,) demonstrates that sections 11-13.1 and 11-13.2 of the School Code may be constitutional despite the *Bergan case* decision.

This court has, on several occasions, held that detached territory remains liable for predetachment debts and sub-

ject to tax levy to pay said debts if a statute so provides at the time of such detachment. (*People ex rel. High School Dist.* v. *Hupe,* 2 Ill. 2d 434; *People ex rel. Hagler* v. *Chicago, Burlington and Quincy Railroad Co.* 380 Ill. 120; *People ex rel. High School Dist.* v. *Bartlett,* 304 Ill. 283.) The requisite saving statute was in existence at the time that plaintiff's property was detached from Non-High School District No. 216. Ill. Rev. Stat. 1955, chap. 122, par. 4B-12.

After the issuance of funding or refunding bonds, the levy of the tax and collection of funds with which to discharge the obligation is mandatory. (Illinois Constitution of 1870, art. IX, sec. 12; Ill. Rev. Stat. 1955, chap. 122, pars. 11-13 and 19-19; *People ex rel. McDonough* v. *New York Central Railroad Co.* 355 Ill. 80.) If the refunding bond resolution is not violative of the constitution and is otherwise legal, there is no discretion in the county clerk with reference to levying the tax to discharge this indebtedness.

The plaintiff was obligated to pay her share of the bonded indebtedness existing before the detachment of her property and this obligation was affected neither by subsequent detachment nor by the refunding of the bonded indebtedness. The new levy for the refunding bonds merely continues, in a new form, the prior levy for the funding and refunding bonds which were still a subsisting debt upon the detached territory, and the constitutional prohibition against taxation of territory beyond the boundaries of a municipality is not pertinent. The effect of refunding the debt was only to alter the form of the obligation and not to create a new obligation. Section 11-13.1 of the School Code does not contravene the intent and purpose of section 9 of article IX of the constitution which provides that a municipal corporation may be authorized to tax only property within its jurisdiction, and said article of the School Code is not proscribed by our decision in the *Bergan case.*

The plaintiff has contended that section 11-13.1 of the School Code purports to authorize this board of education to levy a tax which is not for a corporate purpose of the detached territory of which the plaintiff's property is a part. We cannot agree with this contention. The tax in the case at bar is for a corporate purpose of the detached territory. Had the bonds remained outstanding, plaintiff would have remained obligated to pay taxes for her share of this bonded indebtedness despite the detachment of her property (Ill. Rev. Stat. 1955, chap. 122, par. 4B-12,) and cancellation and refunding of these bonds did not vitiate this obligation. The tax levy for said refunding bonds will serve the purpose of discharging a valid and subsisting obligation of the property owners of the detached territory.

Plaintiff has likewise contended that section 11-13.1 of the School Code is unconstitutional because it purports to authorize this board of education to impose a tax upon the plaintiff's property without affording her an opportunity to vote for or against the members of the board of education or to vote on the proposition of the issuance of said refunding bonds. The original funding bonds were issued only after the voters of Non-High School District No. 216, including the voters of the detached territory in which plaintiff's property is located, had opportunity to petition for an election to vote on the proposition of issuing such bonds, as permitted by statute. (Ill. Rev. Stat. 1953, chap. 122, pars. 19-10 and 19-11.) However, under the provisions of section 19-17 of the School Code, the corporate authority of any school district, without either authorization of the voters of the district by referendum vote, or right and opportunity in the voters to petition for an election to vote on such proposition, may authorize by resolution the issuance of refunding bonds to refund its outstanding bonded debt. The plaintiff had the right and opportunity to petition for an election to vote on the proposition of issuing the original funding bonds. Her property, along

with other detached property, was subject to taxation to pay principal and interest on these funding bonds, even though the residents within the detached area had no right to vote for members of the board of education after such detachment. In the *Bergan case,* the residents of the detached territory were not given either an opportunity to vote, or the right to petition for an election, on the question of whether or not the funding bonds should be issued and we held such omission to be fatal. The plaintiff and others similarly situated were accorded that right in this case, and pursuant to statute the formal act of refunding necessitated no consent by such parties. The plaintiff further insists that she had the right to vote for those who authorized the refunding bonds and levied the tax. In *People* v. *Kelly,* 357 Ill. 408, certain independent park districts had incurred indebtedness and had authorized the issuance and sale of bonds to fund or refund such obligations. Later the Chicago Park District Act was adopted merging 22 former independent park districts and 11 other territories into the Chicago Park District. The act empowered the commissioners of the new Chicago Park District to sell the authorized but unsold bonds of the superseded districts and to levy a tax upon the entire new park district to pay these bonds. This act was likewise attacked as violative of sections 9 and 10 of article IX of the constitution, in that the act authorized the park commissioners who were not voted for by the newly annexed territories to incur an indebtedness and levy a tax on these new territories to pay principal and interest on such bonds. At pages 419 and 420, we stated: "The act affords no basis for this contention, as it does not authorize new commissioners to create a new indebtedness with respect to the unsold bonds in the treasuries of the constituent park districts * * * the authority granted to the new commissioners respecting the unsold bonds is that such bonds may be issued by them for the sole purpose of funding

existing open indebtedness and refunding existing bonded indebtedness where such open and bonded indebtedness has already been incurred by the respective authorities of the superseded park districts * * *. Under this construction the new commissioners will not be acting as corporate authorities of the superseded districts for the purpose of creating new indebtedness. In such cases they will only be acting as an agency of the State, created pursuant to constitutional authority to take such steps as may be necessary to liquidate existing indebtedness. This would necessarily include the issuance of unsold bonds for funding and refunding purposes, which does not create additional indebtedness."

The same reasoning is applicable in this case. The refunding bonds issued by the board of education of Non-High School District No. 216 did not create an additional indebtedness. The board of education was not acting as the corporate authority of the detached territory for the purpose of creating a new indebtedness. But rather, said board was acting as an agency of the State, created by legislative enactment pursuant to the mandate of section 1 of article VIII of the State constitution, to take such steps as may be necessary to refund the existing bonded debt and provide for its liquidation. Hence, there is no constitutional right on the part of the plaintiff, under section 9 of article IX of the constitution, to vote for or against those who authorize the issuance of refunding bonds and levy the tax for the payment of principal and interest of such bonds in this case.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*