THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

First District (1st Division) Nos. 82—2385, 82—2447 cons.

Opinion filed April 25, 1983.—Rehearing denied May 31, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Judith S. Goodie, Assistant Attorney General, of counsel), for the People.

Randall D. Schmidt and Stefan H. Krieger, both of Mandel Legal Aid Clinic, of Chicago, and Richard Henderson, law student, for appellant South Austin Coalition Community Council.

Laurence D. Lasky, Paul M. Murphy, and Douglas A. DiPalma, all of Isham, Lincoln & Beale, of Chicago, for appellee Commonwealth Edison Company.

Tyrone C. Fahner, Attorney General, of Springfield (Hercules F. Bolos and E. King Poor, Assistant Attorneys General, of counsel), for appellee Illinois Commerce Commission.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The present appeal arises out of an interim rate increase granted to Commonwealth Edison Company by the Illinois Commerce Commission. On January 8, 1982, Edison filed a request for a general rate increase of 805 million dollars with the Commission. Edison also requested that approximately one-half of the proposed increase go into effect immediately on an interim basis pending a final decision by the Commission on the permanent rate increase. The Commission held extensive hearings on the temporary rate increase during which the present plaintiffs, the People of the State of Illinois (People) and the South Austin Coalition Community Council (SACCC), intervened. On May 6, 1982, the Commission entered an interim order granting a temporary rate relief of 324 million dollars. The order also provided that any revenues collected pursuant to the temporary rates were subject to refund with interest if the temporary rates were later found to be excessive after a full hearing on the permanent rate increase.

Both SACCC and the People filed petitions for a rehearing which were denied and both filed separate actions in the circuit court appealing the interim order of the Commission. The cases were consolidated and leave to intervene as a respondent was granted to Edison. The Commission and Edison filed motions to dismiss SACCC's and the People's appeals, arguing that the interim order was not final and therefore was not subject to review by the circuit court. On September 28, 1982, the court granted the motions to dismiss.

The separate appeals of SACCC and the People from the dismissal below were consolidated. The only issue raised on appeal is whether the circuit court had jurisdiction to review the interim order of the Commission.

 Review of the decisions of the Illinois Commerce Commission is governed exclusively by the provisions of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 1 *et seq.*), with section 68 of the Act furnishing the procedures for setting aside an order of the Commission (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 72). Appeals from orders of the Commission are purely statutory and must be prosecuted in accordance with the requirements set forth in section 68. (*Scherer Freight Lines, Inc. v. Illinois Commerce Com.* (1962), 24 Ill. 2d 359,

181 N.E.2d 134; *Private Tele-Communications, Inc. v. Illinois Bell Telephone Co.* (1975), 31 Ill. App. 3d 887, 335 N.E.2d 110.) This section provides in pertinent part:

"Sec. 68. Within 30 days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, or within 30 days after the service of any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission, any person or corporation affected by such rule, regulation, order or decision, may appeal to the circuit court of the county in which the subject-matter of the hearing is situated, or if the subject-matter of the hearing is situated in more than one county, then of any one of such counties, for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined." Ill. Rev. Stat. 1981, ch. 111⅔, par. 72.

Plaintiffs contend that section 68 should be given a literal interpretation and that any order refusing an application for rehearing of any order entered by the Commission should be appealable. We find that both the case law and sound principles of statutory construction mandate rejection of plaintiffs' contention.

In construing section 68 of the Public Utilities Act, this court is required to determine and follow the intent of the legislature. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) To that end, we are obligated to do more than mechanically apply the language of a statute to a given situation; the consequences which would result from one construction or another must also be taken into account. (*Carey v. Elrod* (1971), 49 Ill. 2d 464, 275 N.E.2d 367.) In particular, the legislature is presumed to not intend absurd, unjust or unreasonable consequences. *Herbert v. Board of Fire & Police Commissioners* (1981), 97 Ill. App. 3d 1138, 423 N.E.2d 1298.

Permitting an appeal of *any* order of the Commission upon refusal of an application for rehearing would result in endless delays and a breakdown of administrative rate-making procedures. Such unreasonable consequences cannot represent the intent of the legislature. Therefore, in accord with the previously alluded to principles of statutory construction, we must reject the literal interpretation of section 68 urged by plaintiffs.

A similar result was reached in *Candlewick Lake Utilities Co. v. Illinois Commerce Com.* (1978), 65 Ill. App. 3d 185, 382 N.E.2d 88. There the plaintiff appealed from an order of the Commission direct-

ing discovery of certain documents and a denial of a motion for rehearing. The court, in affirming the dismissal, held that a literal interpretation of section 68 should be rejected in favor of a more common sense construction limiting appeals to final orders of the Commission. In reaching that conclusion the court noted:

"Under the interpretation argued by the appellant, a party may appeal from the denial of a petition for the rehearing of any order whether final or not. However, if the petition for rehearing is granted, even if the order remains unchanged, the party can only appeal if the order is final. There is no sense to such a distinction and we do not believe the legislature intended to make one." (65 Ill. App. 3d 185, 188.)

We agree with the rationale advanced in *Candlewick* and, accordingly, hold that section 68 limits appeals to final orders of the Commission.

■■■ In the present case the interim order appealed from fails to meet the requirements of finality necessary for the circuit court to have jurisdiction. A final order is one which either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof. (*In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 419 N.E.2d 487.) The interim order of the Commission clearly fails to dispose of the rights of the parties with respect to the granting of the temporary rate increase. The order provided for a subsequent final determination of the propriety of granting the temporary rates after the more extensive hearings on the permanent rate increase were concluded. The order also contained a provision for refunding with interest any excess revenues collected by Edison if the Commission later found the temporary rates were improperly granted.

Clearly, subsequent action by the Commission could render this appeal unnecessary. Permitting immediate review of this patently interlocutory order would only result in a needless waste of scarce judicial resources. We further note that judicial review of the interim rate increase would be available after a final order is entered by the Commission on the permanent rate increase. In light of this fact, the inefficiency which would be engendered by permitting appeals from temporary rate increases of this type is all the more apparent.

Finally, plaintiffs argue that the temporary rate increase threatened irreparable harm to Edison's low-income customers and that immediate review of the interim order should therefore be permitted. In support of this contention, plaintiffs rely on the fact that the temporary rate increase would raise the average utility bill approximately $3 per month. Consequently, Edison's customers living on marginal in-

comes would be forced to forego basic necessities in order to pay the increased rates. Plaintiffs argue that under these circumstances a future refund will not make Edison's low-income customers whole.

■■ ■ Although threatened irreparable harm may render an otherwise interlocutory order appealable (*Columbia Broadcasting System, Inc. v. United States* (1942), 316 U.S. 407, 86 L. Ed. 1563, 62 S. Ct. 1194), we find that the requisite level of harm has not been demonstrated. The plaintiff's only witness on the impact of the proposed rate increase on low income customers testified that *any* amount of temporary rate relief would cause irreparable harm. While it cannot be disputed that an increase in utility rates falls more heavily on the poor, more of a showing of irreparable harm must be made in order to render the interim order appealable. This is particularly true in view of the relatively small increase in the average consumer's utility bill attributable to the temporary rate increase. See *Friends of the Earth v. Public Service Com.* (1977), 78 Wis. 2d 388, 254 N.W.2d 299.

Accordingly, the order of the circuit court dismissing the appeal is affirmed.

Affirmed.

McGLOON and GOLDBERG, JJ., concur.