*In re* PETITION TO CHANGE THE FORM OF GOVERNMENT OF THE VILLAGE OF MAYWOOD (Grady Caston, Petitioner-Appellant, v. The Village of Maywood *et al.*, Objectors-Appellees).

First District (3rd Division)  No. 87—0465

Opinion filed April 3, 1987.

Cole & Franklin, of Chicago (Ralph C. T. Franklin and George W. Cole, of counsel), for appellant.

Jack M. Siegel, of Chicago, for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Petitioner Grady Caston requested the circuit court of Cook County to cause a proposition regarding a change in the form of government to be presented to the electors of the village of Maywood. The trial court dismissed the petition after sustaining the objections presented by objectors Harlan D. Mayberry, as elector and village manager; Robert Scales, as elector and village trustee; and Marcia Scales, as resident and elector. Petitioner appeals, contending that the objectors had no standing to challenge the petition because their objections were not timely filed and that the trial court erred in finding the petition insufficient as a matter of law. This court granted petitioner's request for an expedited hearing. On March 23, 1987, this court entered an order affirming the trial court judgment and stating that an opinion would follow.

On January 16, 1987, petitioner filed a petition in the trial court for certification for a vote on April 7, 1987, on the question of whether the electors of Maywood wished to adopt the "strong mayor" form of government. On January 17, petitioner sent to the Maywood village clerk and mayor notice that a hearing regarding the petition would be held on January 27. No information was included regarding the filing of objections to the petition. On January 21, petitioner caused a notice to be published in a Maywood newspaper, stating that a hearing would be held on January 27 and that all objections must be

made on or before the January 27 hearing.

On January 27, the objectors appeared, orally stated their objections, and requested time to file written objections. The trial court entered an order continuing the cause to February 2 and permitting objections to be filed at that time.

On January 29, written objections were filed. These objections challenged the number of valid signatures on the petition, the residency of certain circulators of the petition, the failure to bring the petition under the Election Code provision relating to referendums in home rule municipalities, and the failure to include in the petition a proposition regarding the abandonment of the present form of government in Maywood.

On February 2, a hearing was held and petitioner contended that the objectors lacked standing to challenge the petition because the objections had not been filed in a timely manner. The trial court found that the objections were properly filed, that notice of the hearing on the petition was in accordance with the statutory requirement, and that the petition was insufficient in law because it failed to include a proposition to retain or abandon the managerial form of government. The court made no specific rulings as to the remaining objections. The court entered an order sustaining the objections and dismissing the petition.

■ Petitioner first contends that objectors have no standing to object to the sufficiency of the petition because the objections were not filed on or before the January 27 hearing. Petitioner relies upon section 28–4 of the Illinois Election Code, which provides that the trial court shall conduct a "hearing and entertain all objections as may be properly presented on or before such hearing date." Ill. Rev. Stat. 1985, ch. 46, par. 28–4.

In determining the legislative intent of this statute, we must look to the whole statute and consider all relevant parts. (See *Village of Woodridge v. County of Du Page* (1986), 144 Ill. App. 3d 953, 494 N.E.2d 1262.) In addition to providing for an initial hearing during which the court could entertain objections, section 28–4 also permits the trial court to conduct "further hearings as necessary to a decision on the objections properly raised." Thus, the trial court properly conducted a second hearing on February 2.

■ In effect, petitioner wishes us to inject a new term in the statute so that the trial court would be restricted to entertaining objections presented on or before the *first* hearing date. We decline to make such a legislative alteration. In construing the meaning of section 28–4 we must look at the plain meaning of the language, and we

will not inject terms or requirements not found in the statute. (See *Hagen v. City of Rock Island* (1959), 18 Ill. 2d 174, 163 N.E.2d 495.) We find that section 28—4 permitted the trial court, at either the initial hearing on January 27 or the subsequent hearing on February 2, to "conduct such hearing and entertain all objections as may be properly presented on or before such hearing date." Thus, at the February 2 hearing the trial court could properly consider the written objections filed January 29.

The statute restricts the trial court's authority directly in relation to the initial hearing in only one respect. The court must set a hearing 10 to 30 days after the petition is filed (Ill. Rev. Stat. 1985, ch. 24, pars. 5—5—1, 6—2—2) and then enter a final order "not later than 7 days after the initial hearing" (Ill. Rev. Stat. 1985, ch. 46, par. 28—4). The initial hearing here was conducted January 27, which was 11 days after the petition was filed. The final order was entered on February 2, which was six days after the initial hearing. Consequently, the trial court complied with the only statutory requirement which relates back to the date of the initial hearing.

■ Furthermore, Illinois courts have held that a trial court considering such a petition may order a cause continued and set a date for a further hearing at which time written objections can be filed. (See *Crocher v. Abel* (1932), 348 Ill. 269, 180 N.E. 862; *In re Petition to Annex Certain Territory to the Village of Mettawa* (1961), 33 Ill. App. 2d 38, 178 N.E.2d 895.) We hold that the trial court had the authority to continue the cause for a further hearing and permit the objections to be filed on or before the second hearing date.

■ Petitioner relies on *Velazquez v. Soliz* (1986), 141 Ill. App. 3d 1024, 490 N.E.2d 1346, and *Mierswa v. Kusper* (1984), 121 Ill. App. 3d 430, 459 N.E.2d 1110, for the proposition that a court cannot extend the time for filing objections. In those cases, however, the relevant statute (Ill. Rev. Stat. 1981, ch. 46, par. 10—8) expressly limited the time for filing objections to nomination papers to "within 5 days after the last day" for filing the papers. In contrast, the relevant statute here (Ill. Rev. Stat. 1985, ch. 46, par. 28—4) contains no such express time limitation for filing objections. Instead, the statute merely restricts the time in which the trial court shall set one or more hearings, and enter a final order, regarding objections challenging the sufficiency of a petition to present a public question in a referendum. (See Ill. Rev. Stat. 1985, ch. 24, pars. 5—5—1, 6—2—2; Ill. Rev. Stat. (1985), ch. 46, par. 28—4.) The trial court correctly found that the objections were filed in a timely manner and that the objectors had standing to challenge the petition.

■ Petitioner next contends that the trial court erred in finding the petition to be insufficient as a matter of law because it did not include a proposition regarding abandonment of Maywood's present managerial form of government. The petition here states that it is filed pursuant to chapter 24, section 6—2—3. Section 6—2—2 of the Illinois Municipal Code provides that electors may petition the circuit court to cause to be submitted to a vote of the electors the proposition whether the municipality shall adopt article 6, which is the "strong mayor" form of government. (Ill. Rev. Stat. 1985, ch. 24, par. 6—2—2.) Section 6—2—3 of the Illinois Municipal Code states that the proposition should be worded: "Shall the city (or village) of *** adopt the strong mayor form of municipal government?" (Ill. Rev. Stat. 1985, ch. 24, par. 6—2—3.) Article 6 of the Municipal Code, which is entitled "The Strong Mayor Form of Municipal Government," contains no reference to abandonment of the municipality's present form of government. Ill. Rev. Stat. 1985, ch. 24, par. 6—1—1 *et seq.*

In contrast, article 5, division 5 of the Municipal Code, which is entitled "Abandonment of Managerial Form," provides two means by which a municipality may abandon the managerial form of government in favor of a new form. Under section 5—5—1 of the Municipal Code, electors may petition the circuit court to cause to be submitted to a vote of the electors the proposition: "Shall the city (or village) of *** retain the managerial form of municipal government?" (Ill. Rev. Stat. 1985, ch. 24, par. 5—5—1.) If the proposition for abandonment is approved, the village shall revert to its previous form of government unless the electors have also voted to adopt some other form.

Under section 5—5—6 of the Municipal Code, which is entitled "Optional alternatives," a village may submit to the voters one proposition regarding the abandonment of the managerial form, along with a second proposition regarding the adoption of the strong mayor form. "[B]oth propositions may be *** printed on the same ballot, but each proposition shall be stated separately." Ill. Rev. Stat. 1985, ch. 24, par. 5—5—6.

The petition at issue here contained no proposition concerning the abandonment of the managerial form of government. Petitioner argues that the abandonment proposition need not be submitted to electors because the adoption of the strong mayor form of government would necessarily imply that the electors wished to abandon the managerial form. Petitioner reasons that the statute provides for both abandonment by implication and abandonment by a prescribed method. The objectors counter that the statute provides that the electors must be given an opportunity to expressly abandon the manage-

rial form prior to, or at the time of, adopting the strong mayor form of government.

■ As we have stated, a statute must be construed as a whole so as to give effect to the intention of the legislature. (*Village of Woodridge v. County of Du Page* (1986), 144 Ill. App. 3d 953, 494 N.E.2d 1262.) In addition, courts should avoid a statutory construction which would render any portion of the legislation meaningless. (*People v. Tarlton* (1982), 91 Ill. 2d 1, 434 N.E.2d 1110.) A court will not adopt a strained reading which will render one part of the statute superfluous. (*In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 438 N.E.2d 574.) Courts will not assume that the legislature engaged in a meaningless act in enacting a statute. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937; *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) It is presumed that the legislature passed an effective law. *People v. Illinois Commerce Com.* (1983), 114 Ill. App. 3d 384, 448 N.E.2d 986.

■ In the present case, in determining whether abandonment of the managerial form under article 5 is a prerequisite to the adoption of the strong mayor form under article 6, we must look at both articles together. There would seem to be little reason for the legislature to include section 5—5—1, entitled "Petition for abandonment of managerial form," if a village could abandon the managerial form simply by adopting a new form of government. We find petitioner's reading of these sections of the Municipal Code to be strained, and we decline to casually disregard the relevant sections of article 5, which would render an entire section of the Code superfluous.

■ Petitioner argues further that article 5's method of abandonment is not mandatory because the statute states that a village "may" abandon the managerial form (Ill. Rev. Stat. 1985, ch. 24, par. 5—5—1) or "may" submit both an abandonment and adoption proposition on the same ballot. We find the plain meaning of this language to be that a village does not have to abandon its present form of government, but may abandon it if the electors wish to do so. Once the electors have chosen to file a petition, however, the detailed procedures for altering the form of government are all worded using the term "shall." (Ill. Rev. Stat. 1985, ch. 24, par. 5—5—1 *et seq.*) For example, if the abandonment and adoption propositions are on the same ballot, they "shall" be stated separately. Ill. Rev. Stat. 1985, ch. 24, par. 5—5—6.

Without citation to authority, petitioner maintains in the alterna-

tive that the language of articles 5, 6, and 7 of the Municipal Code is unclear and conflicting because it contains no uniform provision regulating the abandonment of the existing form of government. Petitioner relies on the fact that the statute contains no method for abandoning the strong mayor form of government. That issue, however, is not before us. We find the article 5 methods for abandoning the managerial form of government to be clear. The proposition for abandonment must be presented to the electors, either alone or on a ballot which separately states the proposition for adopting a new form of government. We conclude that the trial court correctly held that the petition was insufficient as a matter of law.

In view of our holding, it is unnecessary to consider whether petitioner's notice of the hearing was not in accordance with the statutory requirement.

For the foregoing reasons, the judgment of the circuit court of Cook County sustaining the objections and dismissing the petition is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.