665 N.E.2d 548 (1996)
The LEMONT-BROMBEREK COMBINED SCHOOL DISTRICT NO. 113(A), Cook and DuPage Counties et al., Plaintiffs and Counterdefendants-Appellees,
v.
Ronald WALTER, President of the Lemont-Bromberek Combined School District No. 113(a), Cook and DuPage Counties, Defendant (Gary A. King, as County Clerk of DuPage County, Defendant-Appellant; The People of the State of Illinois and DuPage County ex rel. Anthony M. Peccarelli, Intervening Defendant and Counterplaintiff-Appellant).
No. 1-95-1137.
Appellate Court of Illinois, First District, Fifth Division.
May 10, 1996.
*549 Anthony M. Peccarelli, State's Attorney of DuPage County, Margaret M. Healy and Anna B. Harkins, for Gary A. King and People of the State of Illinois.
Ottosen Sinson Trevarthen & Britz, Ltd., Wheaton, Robert W. Trevarthen and Patricia M. Fennell, for Combined School District No. 113(a).
Presiding Justice McNULTY delivered the opinion of the court:
A combined school district brought this mandamus action to compel its school board president to issue refunding bonds and to *550 compel the county clerk to levy taxes for the refunding bonds. On cross-motions for summary judgment based on stipulated facts, the trial court held that the School Code (105 ILCS 5/1-1 et seq. (West 1994)) gave the district authority to issue the bonds and levy the tax. The county clerk appeals from the mandamus order.
In 1985 petitioners from Bromberek School District No. 65 of DuPage County began proceedings pursuant to article 11B of the School Code (Ill.Rev.Stat.1985, ch. 122, par. 11B-1 et seq., (now 105 ILCS 5/11B-1 et seq. (West 1994))) for combination with Lemont School District No. 113 of Cook County. The districts merged to form the Lemont-Bromberek Combined School District No. 113(a). Before the combination, the Bromberek district had one school building and no bonded debt, while the Lemont district had two school buildings and substantial bonded debt. Bromberek School District No. 65 v. Sanders, 174 Ill.App.3d 301, 305, 124 Ill.Dec. 228, 528 N.E.2d 1336 (1988). The combined district used taxes assessed against Lemont properties to pay interest and principal of the outstanding debt; the district used no taxes collected from Bromberek for this purpose. Bonded debt of $4.25 million remained unpaid at the time of the summary judgment hearing. Some children from the former Bromberek district attend school in facilities built by the Lemont district, and some children from the former Lemont district attend the school in Bromberek.
On December 14, 1994, the board of education of the combined district adopted a resolution directing board president Ronald Walter to issue refunding bonds, with proceeds from the sale of the refunding bonds to be used to retire the bonded debt of the former Lemont district. Walter refused to perform the duties directed by the resolution, which he admitted to be ministerial, arguing that the combined district lacked authority to issue the refunding bonds. The combined district and members of its board of education then sued in mandamus for a court order directing Walter to take the steps necessary for issuance of the refunding bonds, and directing Gary King, the DuPage County clerk, to levy a tax against property in the Bromberek district for repayment of the refunding bonds once Walter filed the necessary documents. The trial court granted the State's Attorney for DuPage County leave to intervene, and the State's Attorney then countersued for a judgment declaring the limited taxation powers of the school district.
King argued that taxes to repay the refunding bonds must come solely from taxpayers in the former Lemont district, because that district issued the original bonds to be refunded by the refunding bonds. The State's Attorney adopted King's arguments.
The trial court found that article 19 of the School Code (105 ILCS 5/19-1 et seq. (West 1994)) gave the board authority to direct Walter to issue the refunding bonds, and taxes for their repayment must be assessed against all property in the combined district. Therefore, the court granted mandamus against Walter and King. The parties agree that this appeal presents solely a question of statutory interpretation.
The court construing a statute must look primarily to the words of the statute as evidence of the legislature's intent. Stone v. Department of Employment Security Board of Review, 151 Ill.2d 257, 261, 176 Ill.Dec. 862, 602 N.E.2d 808 (1992). "The sections of the School Code * * * must be construed with reference to one another in order to give harmonious meaning to the act as a whole." Maiter v. Chicago Board of Education, 82 Ill.2d 373, 389, 47 Ill.Dec. 721, 415 N.E.2d 1034 (1980). Courts construe statutes to give effect to each section (People v. Maya, 105 Ill.2d 281, 287, 85 Ill.Dec. 482, 473 N.E.2d 1287 (1985)), presuming that the legislature did not intend absurd, unjust or unreasonable consequences (People v. Illinois Commerce Comm'n, 114 Ill.App.3d 384, 387, 70 Ill.Dec. 108, 448 N.E.2d 986 (1983)). But the court
"must construe the statute as it is and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute." Buckellew v. Board of Education of Georgetown-Ridge *551 Farm Community Unit School District No. 4, 215 Ill.App.3d 506, 511, 159 Ill.Dec. 58, 575 N.E.2d 556 (1991).
In construing a statute, the court must create neither rights nor limitations unless the court infers them from statutory language. American Ambassador Casualty Co. v. City of Chicago, 205 Ill.App.3d 879, 884, 150 Ill. Dec. 755, 563 N.E.2d 882 (1990). Statutes "should not be rewritten by a court to make them consistent with the court's idea of orderliness and public policy." Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund, 95 Ill.2d 211, 220, 69 Ill.Dec. 177, 447 N.E.2d 394 (1983).
Section 11B-11 of the School Code provides:
"Whenever a new district is created under any of the provisions of this Act * * * the outstanding bonded indebtedness shall be treated as hereinafter provided * * *. * * * [N]otwithstanding the creation of any such new district, the County Clerk or Clerks shall annually extend taxes for each outstanding bond issue against all the taxable property that was situated within the boundaries of the district as such boundaries existed at the time of the issuance of each such bond issue regardless of whether such property is still contained in that same district at the time of the extension of such taxes by the County Clerk or Clerks." 105 ILCS 5/11B-11 (West 1994).
In accord with this provision, the Cook County clerk extended taxes for the Lemont district bonds only against property in the Lemont district.
Section 19-16 provides:
"The corporate authorities of any school district, without submitting the question to the electors thereof for approval, may authorize by resolution the issuance of refunding bonds * * * to refund its bonds prior to their maturity * * *." 105 ILCS 5/19-16 (West 1994).
Section 19-18 clarifies that the resolution for refunding bonds "shall provide for the levy and collection of a direct annual tax upon all the taxable property within the school district." 105 ILCS 5/19-18 (West 1994).
Appellants argue that these sections apply only to the school district that originally issued the bonds to be refunded by proceeds from the refunding bonds. See 105 ILCS 5/19-15 (West 1994). The Lemont district is now part of the combined district, and there is no longer a separate school board for the Lemont district. Under the construction proposed by appellants, apparently no board still in existence has authority to issue refunding bonds for the Lemont district bonds.
Appellants agree that this construction leads to an unreasonable restriction on the availability of refunding bonds. They argue that to avoid this result, the court should construe the Code to permit the board of the combined district to act as the board for the Lemont district, and as such its taxation power under section 19-18 must be limited to the Lemont district. This proposed construction would permit a board elected by all taxpayers in a combined district to issue refunding bonds to be repaid by taxes on one part of the district that elected the board, and not on another part of the district.
Appellants contend that this case is like Prohm v. Non-High School District No. 216, 7 Ill.2d 421, 130 N.E.2d 917 (1955). The statute at issue there, which is no longer part of the School Code, provided explicitly that the "County Clerk shall extend taxes for the payment of principal and interest of any refunding bonds hereafter issued * * * against all the taxable property included within any non-high school district as of the date of the bonds of said District refunded thereby." Ill.Rev.Stat.1955, ch. 122, par. 11-13.1. Interpretation of the statute was not at issue; our supreme court found the statute constitutional.
We agree with the trial court's finding that the statutory language cannot support appellants' proposed construction. "The corporate authorities of any school district," in section 19-16, and "the school board of the district," in section 19-15, must refer to the board actually voting on the refunding resolution, and the district must refer to the district that elected those board members. While the former district, now part of the combined district, retains tax significance under section 11B-11, it no longer has a board or any *552 authority that has the power to issue any bonds, even refunding bonds, to be repaid by property holders only in the former district and not in the present, combined district. The language of the statute at issue in Prohm is precisely the language missing from the present statute, as the present statute makes no provision for taxation against property in the district as of the date of the bonds refunded by refunding bonds. The legislature has not granted the board of a combined district the power to levy taxes against a part, but not all, of the school district that elected the board.
However, we find that the School Code does not preclude a combined district from issuing refunding bonds to repay the debts of one of the districts that formed the combined district. To determine the effect of the 1983 amendments to the School Code, we consider the law in effect at the time the legislature enacted the amendments. See Illinois Bell Telephone Co. v. Allphin, 93 Ill.2d 241, 255, 66 Ill.Dec. 654, 443 N.E.2d 580 (1982). Prior to 1983 the School Code provided for the creation of new school districts or the alteration of school district boundaries "by detachment, annexation, division, dissolution or consolidation" of previously existing districts. Ill.Rev.Stat.1981, ch. 122, par. 7-1. A district formed by annexation or consolidation assumed all bonded obligations of the prior districts. Ill.Rev. Stat.1981, ch. 122, par. 7-14; People ex rel. Community High School District No. 231 v. Hupe, 2 Ill.2d 434, 439, 118 N.E.2d 328 (1954). Section 19-26 specified:
"Sections 19-16 through 19-25 apply to any school district, regardless * * * of the law under which it is organized and operating, and constitute complete authority for issuing refunding bonds as therein provided without reference to other laws." Ill. Rev.Stat.1981, ch. 122, par. 19-26 (now 105 ILCS 5/19-26 (West 1994)).
Because the consolidated district had the power under section 19-16 to issue refunding bonds to repay its debts, and the bonds of the prior districts became debts of the consolidated district, the district formed by annexation or consolidation retained the power to issue refunding bonds to cover the bonded debts incurred by its predecessor districts. Section 19-18 permitted the board of the consolidated district to spread the obligation to repay the refunding bonds to all taxpayers in the newly formed district. See Kocsis v. Chicago Park District, 362 Ill. 24, 198 N.E. 847 (1935).
The 1983 amendments of the School Code clarified procedures for merging school districts by removing consolidation from section 7-1 and setting out combination procedures separately in article 11B. 105 ILCS 5/11B-1 et seq. (West 1994). While the legislature changed many articles throughout the School Code, it chose not to amend sections 19-16 through 19-26, and it did not anywhere use the language of the statute at issue in Prohm. Section 11B-11 expressly structures the tax scheme for the combined district to use for outstanding bonded debts of the former districts, but it creates no new powers or limitations on the law concerning refunding bonds.
The amendments of 1983 do not demonstrate a legislative intent to change the laws establishing that bonds issued by a district entirely absorbed into a new district become obligations of the new district; instead, the amendments establish one method for repaying the debt. Because the legislature chose not to change the language of sections 19-16 to 19-26, we conclude that the legislature did not intend to change the law as it pertained to refunding bonds, even for merged school districts. See Porter v. Klein Construction Co., 162 Ill.App.3d 1, 4, 113 Ill.Dec. 836, 515 N.E.2d 821 (1987). Thus, the bonded debt of the former districts becomes the bonded debt of the new, combined district, and, in the language of section 19-16, the bonds are, after combination, "its bonds." That section authorizes the combined district here to issue refunding bonds to pay off the bonds at issue here, originally issued by the now defunct Lemont school district. Section 19-18 directs the combined district to levy a tax for repayment of the refunding bonds on all the taxable property in the current district.
Appellants argue that this interpretation of sections 19-16 and 19-18 renders section 11B-11 meaningless. The section meaningfully applied to permit separation of taxation *553 within the district from the time of combination until the issuance of refunding bonds. This interpretation does not conflict with the language of section 11B-11, which applies only to outstanding indebtedness of the combining districts and not to new bond issues, and which makes no special provision regarding refunding bonds. Cf. Ill.Rev.Stat.1955, ch. 122, par. 11-13.1.
Appellants maintain that the trial court's interpretation conflicts with the clear intention of section 11B-11, because the combined district could have issued the refunding bonds one day after the combination, and thereby imposed tax for repayment of the outstanding Lemont debt on owners in the Bromberek district immediately. The legislature, in the precise language of section 11B-11 and by failing to amend sections 19-16 through 19-26, has failed to express an intention to preclude this result. The legislature protected taxpayers in each of the districts to be combined by requiring a vote with full disclosure of the possible tax rates to the voters, and by requiring a vote of taxpayers throughout the combined district for the election of board members. 105 ILCS 5/11B-5, 11B-6 (West 1994). Appellants have not shown that the resolution here violates any promise in the statutorily required notice or ballot. Nor does our interpretation lead to unjust or absurd consequences: a board may, by issuing refunding bonds, impose upon all taxpayers of a combined district part of the cost of constructing the facilities used, after combination, by all the taxpayers of the combined district. See Kocsis, 362 Ill. 24, 198 N.E. 847; Hupe, 2 Ill.2d at 445, 118 N.E.2d 328.
If the legislature means to deprive combined school districts of the power to issue refunding bonds to repay debts of a former district made part of the combined district, the legislature must do so by clear language restricting the power of school districts and the operation of sections 19-16 to 19-26 of the School Code. If the legislature means to create in combined school districts the authority to issue refunding bonds to be repaid by only part of the taxpayers in the combined school district, the legislature must also create that authority by clear language altering section 19-18 for special application to combined districts. Since the legislature has not yet done so, and the School Code as written leads to neither inconsistency nor absurdity nor injustice, we cannot interpret the statute to create the rights or limitations appellants seek.
The Board of Education of the Lemont-Bromberek Combined School District No. 113(a) had authority under section 19-16 of the School Code to pass the resolution directing Walter to take the ministerial steps necessary for the issuance of refunding bonds to eliminate debt originally incurred by the now defunct Lemont School District No. 113. Section 19-18 mandates that taxes to repay the refunding bonds must be assessed against all taxpayers in the district whose board directed issuance of the refunding bonds, which is the combined district. The trial court properly granted the writ of mandamus directing Walter and King to perform their ministerial duties imposing part of the tax for repayment of the refunding bonds on the taxpayers of the former Bromberek District No. 65, in DuPage County. Accordingly, the judgment of the trial court is affirmed.
Affirmed.
GORDON and COUSINS, JJ., concur.